Edson Lyon *v.* John K. McLaughlin.

(In Chancery.)

*Chancery. Injunction. Tenants in Common.*

When the invasion of a right in the use of a watercourse is threatened and intended, which is necessarily to be continuing and operative prospectively and indefinitely, and the extent of the injurious consequences is contingent and doubtful of estimation, the appropriate remedy is by a bill in chancery praying for an injunction against such invasion, on the ground that it will cause irreparable injury to the orator.

The uncertainty of the extent of the prospective injury and the impossibility of ascertaining the measure of just reparation, render such injury *irreparable* in a legal sense; and therefore a court of equity will entertain jurisdiction of such a bill, and grant the proper remedy, notwithstanding the respective rights of the parties to the use of the water are in dispute, and depend entirely upon the legal construction of their title deeds.

The settlement of a controversy as to the character and extent of the respective rights of tenants in common, and as to the proper mode of exercising and enjoying them, is a proper subject of chancery jurisdiction.

The facts in this case sufficiently appear in the opinion of the court.

*Geo. C. & Geo. W. Cahoon,* for the orator.

*J. L. Edwards* and *J. A. Wing,* for the defendant.

BARRETT, J.   It is agreed that both parties have rights to the privilege of water under their respective deeds.   The controversy arises upon the defendant's claim of ownership of a part of the dam, and as to the mode and means by which he is entitled to take the water which, it is conceded, he has a right to use.   The determination of this controversy depends on the construction to be given to the deed under which the defendant holds his rights. Upon the construction claimed by the orator, the defendant does not own any part of the dam, and is obliged to take the water from the existing flume without the right to make any other flume for the purpose of taking water from the pond.   Upon the construction claimed by the defendant, he does own part of the dam, and has the right to make a flume and thereby take his proportion of the water from the pond for his use.

The parties agree upon plans that show the application of the description to the subject matter, and what will be embraced by each construction of such description, as claimed by the parties respectively.*

Before considering the proper construction to be given to said description, it is advisable to dispose of some other points that are made in the argument.

The defendant insists that the case, as it is made up, does not fall within the legitimate exercise of equity jurisdiction.

The orator sets out in his bill that the defendant claims to own a portion of the dam in question, and threatens to insert a flume in it for the purpose of taking water therefrom, and that if he should do so, it would cause irreparable injury to the orator. The defendant in his answer sets forth the ground of his right as he claims it, and admits that he claims to own a portion of the dam, and has the right to make a flume in the dam for the purpose stated in the bill, and that he had threatened and intended

---

*NOTE.—The facts relating to the construction of the deeds under which the parties respectively claimed title to the dam in question, are omitted from this report of the case, as the statement of them would be quite voluminous, and would present no legal question of any practical importance.—REPORTER.

Lyon v. McLaughlin.

to make said flume, and was about to do so when restrained by the injunction of the chancellor. But he denies that he should thereby work any injury to the orator, for the reason that in so doing he should only exercise the right he has by virtue of his deeds.

If the facts set out in the bill, and admitted by the answer, show a case within the cognizance of the court of chancery for the purpose of granting a perpetual injunction, it would hardly seem warrantable to cavil upon the point made that the facts stated in the bill are not sufficiently authenticated by the oath of the orator. If the defendant does not own the portion of the dam claimed by him, and so has not the right to insert a flume in it, but is limited to the taking of his share of the water from the flume already existing, then it would remain for determination whether the injury produced by the insertion of a flume, as threatened and intended, and the taking of the water through it, would be such to the orator as to entitle him to the preventive remedy of an injunction.

This is to be determined upon the facts, in no way affected by the denial in the answer that the doing so would injure the orator. Such a denial is a mere conclusion of the pleader from the assumption that it would be only exercising a right which the defendant had under his deed.

It would seem to be well settled, as shown by the text books and the cases, that when the invasion of a right in this kind of property is threatened and intended, which is necessarily to be continuing and operative prospectively and indefinitely, and the extent of the injurious consequences is contingent and doubtful of estimation, the writ of injunction is not only permissible but is the most appropriate means of remedy. It affords in fact the only adequate and sure remedy. For the very doubtfulness as to the extent of the prospective injury, and the impossibility of ascertaining the measure of just reparation, render such injury *irreparable*, in the sense of the law relating to this subject. Then, too, the continuing of the flume and of the drawing of water through it would be a continuing wrong that would entitle the orator to successive suits so often as fresh damage should occur. Such a case would be altogther unlike those cases of trespass or

other wrong, in which the injury to the property is specific, defi- nite and capable "of certain estimation, in which, therefore, the remedy by suit at law for pecuniary compensation, would be ade- quate to insure a just reparation. The law touching the cogni- zance by courts of equity of cases of this kind is well collated and stated in ANGELL on Watercourses, under the head of *Equi- table Remedies*, beginning with section 444, where the leading cases are cited and the authoritative adjudications stated. The language of Judge STORY, in *Webb* v. *Portland Manufacturing Company*, 3 Sum. 189, exactly meets the exigency of the pres- ent case.

It is true, indeed, that a court of law might as well ascertain the rights of the parties under their respective deeds, as a court of equity. And if a court of law could administer adequate rem- edy for the violation of the right, it would constitute a reason for remitting the parties to that court. It is the inadequacy of the remedy at law that gives cognizance of this class of cases to the court of equity.

In the present case there is no occasion to resort to a court of law for any purpose. The bill sets forth a clear right in the ora- tors. The answer admits all the facts, but rests for defence on a question of construction only. That question can as well be determined in a proceeding in the court of chancery as in a suit at law.

Under all the authorities, if the orator shows a clear right, and the impending violation of it in the manner and of the character alleged in this case, the court of chancery should retain the case, and grant the peculiar relief prayed for, by decreeing a perpetual injunction.

There is another view in which, upon a bill properly framed, the jurisdiction of chancery would be clear. The case discloses that the parties have *rights in common* to the use and enjoyment of the water privilege created by said dam. They are in contro- versy as to the character and extent of their respective rights, and as to the proper mode of exercising and enjoying them. This relation of the parties in reference to the subject matter of it, is the ground of a familiar head of equity jurisdiction, as furnishing the only adequate means of ascertaining the respective

rights of the parties, and of affording an ample remedy between them.

In pursuance of these views, it only remains to give construction to the deed under which the defendant asserts his claim.

We fully agree in the opinion that the line first mentioned in the description, and which constitutes the southern line of the land conveyed to the defendant by said deed, is to be located by measuring on the flume sixty-eight feet from the shop. This would exclude from the conveyance any part of the dam, and would leave the whole dam the property of the orator.

Accordingly we hold that the defendant has no right to erect a flume in any part of said dam, or to take water therefrom in any other way than through the flume, as it existed at the time of said conveyance to the defendant of the water privilege named in said deed, and that he should be enjoined accordingly.

The case is remanded to the court of chancery for a final decree conformable to this decision, and for the orator to recover his costs.