ANDREW McCLARY *v.* TOWN OF LOWELL.

*Highway. Sunday. Statute. Sec. 3, ch. 93, Gen. Stats.*

A journey on Sunday to visit one's children who are properly away from home, is not
unlawful, and §3, ch. 93, Gen. Stats., prohibiting traveling on that day except from
necessity or charity, is no bar to a recovery for injury received on such journey by
insufficiency of a highway.

ACTION ON THE CASE, to recover damages by reason of the in-
sufficiency of the highway in Lowell. Plea, the general issue.
Trial by jury, February term, 1871, Orleans county, REDFIELD,
J., presiding.

The plaintiff received the injury complained of while driving a
span of horses and buggy wagon from his residence, in Albany,
over the highlands, to the village of Lowell, a distance of about
eight miles, on Sunday. His business and purpose was to visit
his two boys, who were then at the residence of Mr. Blaisdell,

whose wife was the aunt of said boys and sister of plaintiff's deceased wife. The elder boy was in the employ of said Blaisdell, and clerk in his store, and the younger was on a visit to his aunt and brother. The plaintiff had no wife living. The defendant requested the court to charge the jury, that upon the facts of the case, the statute (§ 3, ch. 93, Gen. Stats.) was a bar to the plaintiff's recovery, but the court, *pro forma*, ruled otherwise, and instructed the jury that if the plaintiff established his right to recover in all other respects, the statute would be no defense. To this ruling, and no other, the defendant excepted. Verdict for the plaintiff.

*W. D. Crane*, for the plaintiff, cited 4 Cush., 243 ; *Commonwealth* v. *Knox*, 6 Mass., 76 ; *Pearce* v. *Atwood*, 13 Mass., 354 ; 2d vol. of Parsons on Contracts, ch. 3, p. 262, a. b. and c., 4th ed. ; *Hooper* v. *Edwards*, 18 Ala., cited in 2d Parsons on Contracts, 262 ; *Logan* v. *Mathews*, 6 Barr., 417 ; *Whitcomb* v. *Gleason*, 35 Vt., 297.

*Benton & Cross, H. C. Wilson*, and *Powers*, for the defendants, cited *Hinckley* v. *Penobscot*, 42 Maine, 89 ; *Bryant* v. *Biddeford*, 39 ib., 193 ; *Jones* v. *Andover*, 10 Allen, 18 ; *Lyon* v. *Strong*, 6 Vt., 219 ; 1 Hilliard on Torts, 161, 162 ; *Bosworth* v. *Swansey*, 10 Met., 363 ; *Cracken* v. *Bangor*, 57 Maine, 423.

The opinion of the court was delivered by

WHEELER, J. Parents are under moral obligations to attend to the welfare of their children at all times during childhood and youth. These obligations cannot be fully satisfied without personal association and acquaintance when reasonably practicable. They are morally bound to improve all fit opportunities for the discharge of these duties. Both the constitutional and the statutory provisions relating to the observance of the Sabbath, in the laws of this State, were provided for the encouragement of the observance of moral duties on that day, in preference to attention to secular matters. All these provisions were doubtless intended to be harmonious. Section two of chapter ninety-three of the

General Statutes, which relates to this subject, permits attendance upon public assemblies held on the Sabbath for the purpose of moral instruction. The necessity provided for in the exceptions to the prohibitions of sections one and three of the same chapter, is a moral and not a physical necessity. An act which under the circumstances is morally fit and proper to be done on the Sabbath is not prohibited by either of these sections. PARSONS, J., *Com.* v. *Knox*, 6 Mass., 76 ; *Flagg* v. *Millbury*, 4 Cush., 243. On this Sabbath, the plaintiff was in Albany and his two boys were in Lowell, eight miles distant from him. He could not fully discharge his obligations to them without being where they were. Under these circumstances it was morally proper for him to travel to them. No other facts or circumstances were necessary to show the fitness of this traveling. His duties to his children arose out of his relation to them ; the propriety of the journey, out of its necessity to the discharge of his duties. No question appears to have been made at the trial about the existence of these facts, therefore no trial of any question of fact is necessary to determine the legality of the traveling. The traveling, in which the plaintiff was engaged at the time of the injury he is seeking to recover for, was not unlawful, therefore it is unnecessary to determine how his right of recovery would have been affected if the traveling had been illegal.

Judgment affirmed.