JAMES ROONEY, GUARDIAN OF WILLIAM H. RYAN, v. SAMUEL H. SOULE.

[IN CHANCERY.]

*Jurisdiction of Chancery to Remove a Cloud to the Title of Land:*

The orator alleged in his bill that R., his ward, was the owner of a farm in F., and had a homestead therein, and that he was adjudged a bankrupt, and the defendant appointed his assignee, and that said homestead was decreed to R. by the court of bankruptcy; that R. absconded, and the orator was appointed his guardian; that the defendant thereafterwards obtained judgment by default against R., before a justice of the peace, without the service of process, notice, or recognizance for review, and levied his execution upon, and set off, said homestead; that it was the duty of the orator, as such guardian, to sell said homestead for the support of R.'s family, but that said levy and set off hindered and impeded his selling the same, and constituted a cloud upon the title thereof; and prayed that said cloud be removed. The answer averred that the court of bankruptcy adjudged that R. had a *homestead interest* in said farm; that the defendant's claim upon which said judgment was founded, was anterior to the acquisition of said homestead, and that said homestead was not exempt from said levy and set-off. The case was heard on bill and answer. *Held*, that the case was not one, for the interposition of a court of equity.

APPEAL from the court of chancery. The case sufficiently appears from the opinion, except that the bill alleged that it was necessary for the orator, in the due performance of his duty as guardian, to sell his ward's said homestead interest for the support of the family of his said ward, and that the levy and set off on the defendant's execution, and the record thereof in the town-clerk's office, constituted a cloud upon the title of said homestead,

and greatly hindered and impeded the orator in selling the same. The court, Royce, Chancellor, dismissed the bill. Appeal by the orator.

*Bent·n & Irish*, for the orator.

A question is made that there is no ground for application to a court of chancery. This is to be determined by the bill without regard to the answer. The bill presents several grounds of equity jurisdiction. It claims that the judgment was irregularly obtained. It is true, this would have been ground for *audita querela*, which is a statutory remedy, like the special petition for a new trial on the ground of fraud, accident, or mistake. But it has been held that such remedies are cumulative, and do not extinguish the remedies previously existing. *Alexander* v. *Abbott*, 21 Vt. 476. In the early history of equity jurisprudence, and before the day of the writ of *audita querela*, such irregularities were a well recognized and very common ground of equity jurisdiction. But, be this as it may, the case shows other and very clear grounds of equity jurisdiction. The bill shows that the orator, as guardian, is obliged to sell this property for the support of the children of his ward, and that he cannot make the sale with this levy outstanding. This levy, then, constitutes a cloud upon the orator's title, which works him an injury. On this ground, he has a well recognized ground of relief in chancery to remove that cloud. *Hodges* v. *Griggs et al.* 21 Vt. 280, 282 ; *Eldridge* v. *Smith et al.* 24 Vt. 484 ; Hilliard Injunct. 304, 550 ; *England* v. *Lewis*, 25 Cal. 357. Another ground might be, to prevent multiplicity of suits.

*F. M. McIntyre*, for the defendant.

The orator asks to have this court vacate and set aside the judgment of a court of law having jurisdiction of the parties and the subject-matter, the property being levied upon by execution issued upon such judgment,—which, in accordance with the repeated decisions of this court, cannot be done. *Briggs et al.* v. *Shaw et al.* 15 Vt. 78 ; *Smith* v. *Pettengail*, Ib. 82 ; *Devereaux* v. *Cooper*, Ib. 88 ; *Barrett* v. *Sargent*, 18 Vt. 365 ; *Bradley et als.* v. *Richardson*

*et al.* 23 Vt. 720 ; *Warner* v. *Conant*, 24 Vt. 351 ; *Shedd* v. *Bank of Brattleboro*, 32 Vt. 709. The judgment of another court upon the same subject-matter, having jurisdiction, is conclusive as to that matter. *Low* v. *Mussey*, 41 Vt. 393. The case shows that if the orator is entitled to any redress, he has an ample remedy in a court of law ; and in such case, a court of chancery will not interpose. *Barrett* v. *Sargent, supra.* If there was, or is, any irregularity about the defendant's judgment against Ryan, *audita querela* is the proper remedy. *Hurlbut* v. *Mayo*, 1 D. Chip. 387 ; *Marvin* v. *Wilkins*, 1 Aik. 107 ; *Alexander* v. *Abbott*, 21 Vt. 476 ; *Whitney et al.* v. *Silver*, 22 Vt. 634 ; *Hopkins* v. *Hayward*, 34 Vt. 474. If a defendant have no notice of the pendency of a suit, and judgment be rendered against him by default, the judgment is not irregular nor void, as by writ of review he can have his day in court according to the provisions of the statute. Gen. Stat., ch. 31, § 52, *et seq. ; Davis* v. *Beebe*, 5 Vt. 560 ; *Ellsworth* v. *Learned*, 21 Vt. 535 ; *Marvin* v. *Wilkins, supra.* The orator does not show in his bill any matter that would constitute a defense to the defendant's suit at law, which is absolutely necessary to entitle him to any relief in a court of chancery against the judgment. *Fletcher* v. *Warren*, 18 Vt. 45 ; *Warner* v. *Conant, supra.* The facts set forth in the answer, constitute a full defense to the suit ; and the orator having set the case down for hearing on bill and answer, the truth of the answer is conceded *Doolittle* v. *Gookin*, 10 Vt. 265 ; *Slason* v. *Wright*, 14 Vt. 208 ; *Gates* v. *Adams et als.* 24 Vt. 70.

The opinion of the court was delivered by

REDFIELD, J. The orator alleges in his bill that his ward, William H. Ryan, was the owner of a farm in Fairfield, and had a homestead interest therein ; that he was adjudged a bankrupt by the district court of the United States for Vermont ; that the defendant was duly appointed assignee of his assets, and that a homestead was decreed to said Ryan by said court ; that Ryan absconded, and that the orator was appointed his guardian ; after which the defendant obtained judgment without service of process, or notice, or recognizance for review, before a justice of the

40

peace, against said Ryan, and levied his execution and set off said homestead.    The answer avers that the district court adjudged that Ryan had a *homestead interest* in said premises; that the defendant's claim, upon which he obtained said judgment, was anterior to the acquisition of said homestead; that said homestead was not exempt from his execution and levy, and that his judgment was regular and valid.    The case was submitted on bill and answer.

I.   This is a bill *quia timet*, to remove a *cloud* from plaintiff's title to a parcel of land.   *Another* cloud, somewhat dense, seems now to have enveloped the title, by a decree of foreclosure which has become absolute against both parties.   And as this is averred and relied upon in the answer, it should operate, at least, as a *disclaimer* of title on the part of the defendant.   It is doubtful, upon the averments in the bill and answer, whether Ryan had an absolute and entire homestead.   Homesteads, under our statute, may exist *sub modo*, subject to certain debts, or mortgage liens. Whether it is not the province and duty of the bankrupt court to marshal the assets of the bankrupt, and determine priorities of right and lien, or what *has* been done as to this property by that court, is not made very clear in proof or argument.   But we think this not a case for the interposition of a court of equity.

There is no fund locked up awaiting the determination of title, as in *Hodges* v. *Griggs*, 21 Vt. 280, and the court, in that case, directed the parties to implead at law.   There is no averment that makes this an exception to the common case where one party claims to be the true owner of land, and alleges that another claims it without valid title.   The jurisdiction of courts of law and of equity is not concurrent in this class of cases, leaving a party his *election* in which forum he will have his rights determined.   But courts of equity will, in their *discretion*, in *exceptional cases*, interpose to prevent fraud and wrong.   Where one holds the apparent title, but it is invalid in the hands of those who have notice of the equities of another, and there is reason to apprehend he will convey it to an innocent purchaser, a court of equity will interfere to restrain a party from such threatened act; for otherwise it would work a fraud to an innocent party.   But

when the title asserted is all of *record*, and its infirmities can be exposed at all times, and against all persons, a court of equity will not interfere, but leave the party to his remedy at law—the forum provided for settling such issues of fact. Such is the general current of the authorities. *Van Doren* v. *Mayor of New York*, 9 Paige, 388 ; *Mallory* v. *Dougherty*, 16 Wis. 267 ; *Munson* v. *Munson*, 28 Conn. 582 ; 1 Story's Eq. Juris. § 700 a, and note ; *Woodman* v. *Salstonstall*, 7 Cush. 181 ; *Blackmore* v. *Von Vleet*, 11 Mich. 252.

In *Wing, Adm'r,* v. *Hall & Darling*, 44 Vt. 118, WHEELER, J., says : " The relief in such cases is granted, not as a matter of right that the party seeking it has, but as a matter of *discretion* that the court may or may not exercise, as appears fit." That discretion is not arbitrary, but *judicial*, and is to be exercised in exceptional cases where the remedy at law is inadequate, and delay dangerous ; or some other ingredient is shown requiring the effectual powers of equity jurisdiction to prevent fraud and injustice. If the defendant's judgment, execution, and levy, are void, their infirmity is apparent upon the records, which are fixed, and will remain ; and when the defendant attempts to oust the orator by asserting the validity of his judgment and set off, there would seem little danger, and the orator could readily show their invalidity.

But if a party who distrusts his own title and fears that of another, may, at his election, and as an experiment, drag into a court of equity all persons who may have some claim or title to the premises, and thus occupy the court in canvassing titles and determining rights that were never asserted, it would be perverting a very salutary rule of equity law to needless and mischievous ends. The inquiry into title to lands, has a special fitness to trial by jury ; and we think that litigation would be abridged, and public justice subserved, by adhering to a just and salutary rule of law, rather than perverting it to new experiments.

The decree of the court of chancery dismissing the orator's bill, is affirmed, and the cause is remanded.