## WITTERS *v.* SOWLES *et al.*

### *(Circuit Court, D. Vermont. June 28, 1890.)*

QUIETING TITLE—REMEDY AT LAW.

 A purchaser of land at execution sale cannot bring suit to quiet title against another purchaser of the same land under a subsequent execution, in order to determine which has the better title, since the respective rights of the parties may be determined at law.

In Equity. On demurrer to bill.
*C. W. Witters,* pro se.
*Edward A. Sowles,* for defendant.
Before LACOMBE and WHEELER, JJ.

PER CURIAM. The complainant heretofore brought an action on the law side of this court against the defendant Margaret B. Sowles, and therein attached certain real estate upon mesne process, November 2, 4, and 5, 1887. Verdict and judgment followed, May 7, 1889, and ex-

ecution was issued July 12, 1889. This execution was irregular, being made returnable in 60 days, instead of "to the next stated term of the court." Abandoning his first execution, plaintiff issued another on July 29, 1889, returnable to the October term, 1889. On that day and the next, (July 29th and 30th,) the execution was levied on the lands in question, situated in the towns of St. Albans and Swanton. On July 26th the defendant E. A. Sowles, acting as attorney for the defendant Susan B. Sowles, his daughter, brought suit in the state court against the defendant Margaret B. Sowles, his wife, and the mother of said Susan B. Sowles, and in such action attached upon mesne process the interest of Margaret B. Sowles in the lands in question. Judgment therein has since been entered, execution issued, and levy made, and sale under such execution threatened. The complainant now brings a bill in equity (1) for a decree that his proceedings are valid, and his title paramount to that of any of the defendants; (2) to annul and set aside the Susan B. Sowles attachment and levy; (3) to enjoin defendants from proceeding with sale thereunder; and, (4) if any of complainant's proceedings should be found irregular and defective, then for a decree that he may correct the same.

The theory of the bill seems to be that the Susan B. Sowles proceedings (which complainant asserts to be fraudulent) constitute a cloud upon the title which he or the purchaser at the execution sale has acquired under his own attachment and subsequent proceedings. The laws of Vermont regulating final process provide that "personal property attached on mesne process shall be held to respond to the judgment rendered on such process thirty days from the time judgment is rendered; and unless the plaintiff, within thirty days from the rendition of final judgment, takes such property in execution, it shall be discharged from such process; and real estate attached on such process shall be held five months after the rendition of final judgment, and no longer." R. L. Vt. § 1542. It is apparent that the real estate in question was taken in execution within the five months, but was not sold under the execution until after the five months had expired. It is claimed by the defendants that thereby the complainant lost his lien by attachment. In other words, the question raised is whether it is the levy or the sale which gives such a title to the property that the lien of the original attachment may thereafter be dispensed with. By this bill it is sought to have that question determined in equity, but no sufficient ground for equitable interference is shown. If the defendants' contention is sound; if the statute provides that it is the sale, and not the levy, which must be made within the five months,—then the complainant has no title to be clouded. The lien that he acquired by the attachment would in that case be gone forever, not only as against intervening lienors, but as against all the world. If, on the contrary, the defendants' contention is unsound, then there is no cloud upon the orator's title. His original attachment has reserved the property until its place was taken by his levy, and no intervening attachment or levy can in any way affect his rights. An attachment obtained by any other creditor of Margaret B. Sowles, as to

whom there might be no suggestion of bad faith or collusion, or even of actual knowledge; would have no more effect to impair the complainant's rights in that case than would the attachment which Susan Sowles obtained.

Of course, it does not constitute a cloud upon the title to real estate that those who may be in its actual possession entertain and express different views of the statutes and authorities under which the holder of such title seeks to establish it than he himself does. The fact is that the only cloud suggested in the bill is one arising from supposed defects in his own proceedings, and is in no sense created by any outstanding rival claim. The case in the supreme court cited by counsel for the complainant ( *Ward* v. *Chamberlain*, 2 Black, 444) sustains a suit such as this only when "a title to real estate, otherwise clear, is clouded by a claim which cannot be enforced." That is not this case; the clearness or obscurity of complainant's title is not at all dependent upon any outstanding claim under Susan B. Sowles' action. It depends solely upon its own inherent strength or weakness, and the complainant should be left to develop that strength or weakness in the proper forum by action of ejectment. *Rooney* v. *Soule*, 45 Vt. 303. An effort is made to sustain the bill under section 1596, Rev. Laws Vt., which provides that the (state) supreme court may vacate a defective levy, and issue execution anew. Without entering upon a discussion of the objections advanced to this proposition, it is sufficient to say that the special relief contemplated by that section, when sought to be availed of to secure the fruits of a judgment rendered in a common-law action, is not to be applied for on the equity side of the court. A further objection to the maintenance of this suit is the fact that the six months allowed the judgment debtor in which to redeem the property had not expired when this bill was filed. Till that time expired, her right to redeem the land from the orator's levy could be attached or levied upon, and the attaching or levying creditor would have 15 days after the expiration of her right to redeem within which to make redemption. Laws Vt. 1884, No. 139, § 10. Susan B. Sowles merely attached and levied upon this right of her mother to redeem as any creditor or person claiming to be the creditor might lawfully do. Any creditor attaching subsequently to her might appear and contest her claim. R. L. Vt. § 1166. The orator, by making such subsequent attachment, could do the same. He is not now an attaching or levying creditor of that right which Susan B. Sowles has attached or levied upon, and, according to the allegations of his bill, has no interest in it. The demurrer is sustained.