## SILAS L. GRIFFITH *v.* JOHN H. HILLIARD.

*Equity.   Injunction against cutting timber.   Question of title
may be determined in law court.*

1. The Court of Chancery may, in its discretion, enjoin the cutting of timber upon premises which the orator alleges belong to him, before his title to the same has been established in a court of law.

2. If it appears from the answer that the title is in controversy, the court may order the orator to try that question in a court of law, continuing the temporary injunction meanwhile.

Bill for an injunction to restrain the cutting of timber. Heard at the September term, 1890, Rutland county, upon the demurrer embodied in the defendant's answer.   Taft, chancellor, dismissed the bill.   The orator appeals.

*J. C. Baker*, for the orator.

If the orator is entitled to a jury trial upon the question of title the Court of Chancery can submit that issue.   2 Dan. Ch., 1080; 1 Sto. Eq. Jur., s. 72; *Garsed* v. *Beall*, 92 U. S. 684; *Fitton* v. *Assurance Co.*, 23 Fed. Rep. 3; *Adams* v. *Soule*, 33 Vt. 538; *Langdon* v. *Templeton*, 61 Vt. 122.

Equity will restrain a series of trespasses to prevent a multiplicity of suits.   2 Sto. Eq. Jur., ss. 928, 929; *Smith* v. *Pettingill*, 15 Vt. 82; *Gilchrist* v. *Van Dyke*, 63 Vt. 75.

*H. A. Harman*, for the defendant.

The defendant is entitled to have the question of who owns this land submitted to a jury.   *White* v. *Booth*, 7 Vt. 131; *Smith* v. *Pettingill*, 15 Vt. 82; *Stevens* v. *Beekman*, 1 Johns. Ch. 318; *Jerome* v. *Ross*, 7 Johns, Ch. 315; 11 Am. Dec. 484.

The opinion of the court was delivered by

START, J.   The defendant, John H. Hilliard, by the demurrer contained in his answer, claims that a Court of Equity

has no jurisdiction of the matters alleged in the bill. The bill alleges, among other things, that the orator is the owner of the land in question; that its substantial value is made up of the wood and timber growing thereon; that some of the defendants, under a license from the defendant Hilliard, have entered upon the land, are engaged in cutting and drawing timber therefrom, and threaten to continue to do so.

For the purpose of determining the question now before the court, these allegations must be taken as true. To permit this wood and timber to be cut in the manner the defendants are doing, and threatening to do, under a license from defendant Hilliard, is to permit a destruction of the orator's estate as it has been held and enjoyed. The power of a Court of Equity to interpose by injunction to prevent irreparable injury and the destruction of estates is well established, and this power has been construed to embrace trespasses of the character complained of in the orator's bill.

Where trespass to property consists of a single act, and it is temporary in its nature and effect, so that the legal remedy of an action at law for damages is adequate, equity will nor interfere; but if, as in this case, repeated acts are done or threatened, although each of such acts, taken by itself, may not be destructive to the estate or inflict irreparable injury, and the legal remedy may, therefore, be adequate for each single act if it stood alone, the entire wrong may be prevented or stopped by injunction. *Smith* v. *Rock et al.*, 59 Vt. 232; *Langdon* v. *Templeton*, 61 Vt. 119; *Erhardt* v. *Boaro et al.*, 113 U. S. Sup. Ct. 537; *The West Point Iron Co.*, v. *Reymert et al.*, 45 N. Y. 703; *Falls Village Water Power Co.*, v. *Tibbetts*, 31 Conn. 165; *Irwin* v. *Dixon et al.*, 9 Howard 28; *Livingston* v. *Livingston*, 6 John. Ch., (Law. Ed.,) 496; High on Injunctions, 724-727; *Shipley* v. *Ritter*, 7 Md. 408 (61 Am. Dec. 371); *Scudder* v. *Trenton Delaware Falls Co. et al.*, (23 Am. Dec. 756); 1 N. J. Eq. 694; 1

Pomeroy's Eq. Jur., sec. 245 ; 3 Pomeroy's Eq. Jur., sec. 1357 ; *Murphy* v. *Lincoln et al.*, 63 Vt. 278.

In the case of *Murphy* v. *Lincoln et al.*, *supra*, the bill charged the committing of several trespasses by the defendants by drawing wood and logs across the orator's land. The defendants claimed a right of way. The Court found the issue of fact in favor of the orator and held that a Court of Equity had jurisdiction to enjoin the commission of a series of trespasses, although the legal remedy be adequate for each single act if it stood alone.

It is said by Judge Story in his work on Equity Jur., vol. 2, ss. 928 and 929 : "If the trespass be fugitive and temporary, and adequate compensation can be obtained in an action at law, there is no ground to justify the interposition of Courts of Equity. Formerly, indeed, Courts of Equity were extremely reluctant to interpose at all, even in regard to cases of repeated trespasses. But now there is not the slightest hesitation if the acts done or threatened to be done to the property would be ruinous or irreparable, or would impair the just enjoyment of the property in the future. In short, it is now granted in all cases of timber, coals, ores, and quarries, where the party is a mere trespasser, or where he exceeds the limited right with which he is clothed, upon the ground that the acts are, or may be, an irreparable damage to the particular species of property."

In the *West Point Iron Co.* v. *Reymert et al.*, *supra*, it is said that mines, quarries, and timber are protected by injunction, upon the ground that injuries to, and depredations upon, them are, or may cause, an irreparable damage, and, also, with a view to prevent a multiplicity of actions for damages, which might accrue from continuous violations of the rights of the owners ; and that it is not necessary that the right should be first established in an action at law.

In *Erhardt* v. *Boaro et al.*, *supra*, Mr. Justice Field says : "It is now a common practice in cases where irremediable mischief is being done or threatened, going to the destruction of the

substance of the estate, such as the extracting of ores from a mine, or the cutting down of timber or the removal of coal, to issue an injunction, though the title to the premises be in litigation. The authority of the Court is exercised in such cases, through its preventive writ, to preserve the property from destruction pending legal proceedings for the determination of the title."

When it appears that the title is in dispute, the Court may, in its discretion, issue a temporary injunction and continue it in force for such time as may be necessary to enable the orator to establish his title in a court of law, and may make the injunction perpetual when the orator has thus established his title ; or the Court may proceed and determine which party has the better title ; or it may dismiss the bill and leave the orator to his legal remedy. *Bacon* v. *Jones,* 4 Mylne & Craig 433 ; *The Duke of Beaufort* v. *Morris,* 6 Hare 340 ; *Campbell* v. *Scott,* 11 Simons 31 ; *Kerr* on Injunctions, 209; *Ingraham* v. *Dunnell et al.,* 5 Met. 118 ; *Rooney* v. *Soule,* 45 Vt. 303 ; *Wing, Admr.,* v. *Hall et al.,* 44 Vt. 118 ; *Lyon* v. *McLaughlin,* 32 Vt. 423 ; *Hastings, Admr.,* v. *Perry et al.,* 20 Vt. 278 ; *Barnes* v. *Dow,* 59 Vt. 530 ; *Barry* v. *Harris,* 49 Vt. 392.

In *Bacon* v. *Jones, supra,* Lord Cottingham says : " The jurisdiction of this Court is founded upon legal rights ; the plaintiff coming into court on the assumption that he has the legal right, and the Court granting its assistance on that ground. When a party applies for the aid of the Court, the application for an injunction is made either during the progress of the suit or at the hearing ; and, in both cases, I apprehend great latitude and discretion are allowed to the Court in dealing with the application. When the application is for an interlocutory injunction, several courses are open ; the Court may at once grant the injunction *simpliciter,*without more; a course which, though perfectly competent to the Court, is not very likely to be taken where the defendant raises a question as to the validity of the plaintiff's title ; or

Silas L. Griffith *v.* John H. Hilliard.

it may follow the more usual, and as I apprehend, more whole-some practice, in such a case, of either granting an injunction, and at the same time directing the plaintiff to proceed to establish his title at law, and suspending the grant of the injunction until the result of the legal investigation has been ascertained, the defendant, in the meantime, keeping an account. Which of these several courses ought to be taken, must depend entirely upon the discretion of the Court, according to the case. When the cause comes to a hearing, the Court has also a large latitude left to it; and I am far from saying that a case may not arise in which, even at that stage, the Court will be of opinion that the injunction may properly be granted without having recourse to a trial at law. The conduct and dealings of the parties, the frame of the pleadings, the nature of the patent right and of the evidence by which it is established, these and other circumstances may combine to produce such a result, although this is certainly not very likely to happen, and I am not aware of any case in which it has happened. Nevertheless, it is a course unquestionably competent to the Court, provided a case be presented which satisfies the mind of the judge that such a course, if adopted, will do justice between the parties. Again, the Court may at the hearing, do that which is the more ordinary course, it may retain the bill, giving the plaintiff the opportunity of first establishing his right at law. There still remains a third course, the propriety of which must also depend upon the circum-stances of the case, that of dismissing the bill at once." Although *Bacon* v. *Jones* was a case relative to a patent right, the remarks of the Lord Chancellor are applicable to any case in which the orator's title is in dispute.

The case of the *Duke* of *Beaufort* v. *Morris, supra,* was a bill for an injunction to protect the orator's coal mines from in-jury from the water flowing into them from the defendant's colliery; and it was ordered that the bill be retained for twelve months, with liberty to the orator to bring such actions as he

might be advised were necessary, and that the injunction issued in the cause be continued for such time.

We think the granting of the temporary injunction in this case was a proper exercise of the discretionary power which the court possesses. The orator, by his bill makes out a strong case for equitable consideration. The sole value of the premises in question is in the wood and timber growing thereon. The orator has heretofore held and occupied them for the purpose of manufacturing lumber and charcoal from such timber and wood. He has expended large sums of money in the erection of mills and coal kilns, in building roads, and in procuring teams and workmen for the prosecution of said business, and has made contracts for the sale of said manufactured products. The defendants are engaged in cutting and removing that which constitutes the chief value of the estate, and threaten to continue to do so. These acts, if continued, will work a destruction of the estate and render it of no value for the purpose for which it has been held and enjoyed. The case is one peculiarly within the province of a court of equity, through its preventive writ to interpose and stop the mischief complained of and preserve the property from destruction.

The defendant, John H. Hilliard, having, before any evidence has been taken or hearing had, put in issue the orator's title, insisted that this issue be tried in a court of law, the case is one in which the court may properly, in its discretion, require the orator to establish his title in such court before proceeding further with the cause; and such will be the order of this court.

*The pro forma decree of the Court of Chancery is reversed,* the demurrer contained in the answer of the defendant, John H. Hilliard, is over-ruled, the orator's bill is adjudged sufficient, and defendant Hilliard's answer is ordered brought forward, from which is appears that the orator's title to the premises is in controversy; therefore, the cause is remanded to the Court of Chan-

cery, with direction to that court to retain the cause and continue in force the injunction for such time as, in the opinion of said court, may be necessary to enable the orator to bring and prosecute to final judgment such action or actions as may be necessary to establish his title in a court of law. And in default of the orator so establishing his title, within the time aforesaid, the orator's bill to be dismissed, as against the defendant, John H. Hilliard, with costs. But if the orator shall, within the time aforesaid, by a final judgment in his faver in a court of law, establish his title to the premises, as against the defendant, John H. Hilliard, then the Court will enter a decree making perpetual the temporary injunction, and make such order in relation to costs as to the Court shall seem meet.

Taft, J., did not sit, for reasons stated in *Stetson et al.* v. *Stevens et al., post.*