MARTHA HANKS v. CARLTON HANKS, LENORA HANKS, and NORMAN D. MOORE.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON and HASELTON, JJ.

Opinion filed May 6, 1903.

*Equity—Jurisdiction.*

Chancery has jurisdiction over the avails of property conveyed in fraud of the orator's rights as a creditor, to keep the same within this jurisdiction, that they may be available for the satisfaction of any judgment the orator may obtain in any action pending at law, and will continue an injunction on such avails for a reasonable time for the orator to obtain such judgment, and apply them to the payment of such judgment, if obtained.

If the orator, after such injunction is granted, in good faith discontinues such action at law, believing it is necessary so to do to obtain satisfaction, the Court of Chancery will hear and determine the matter, if the circumstances are such that another action at law cannot be made available.

18

APPEAL IN CHANCERY. Heard on defendant's demurrer to the bill, at the June Term, 1902, Addison County, *Stafford,* Chancellor. Demurrer overruled, *pro forma,* and the bill adjudged sufficient. The defendants appealed.

*W. H. Davis* for the defendants.

The orator has an action for the breach of the contract and cannot invoke the aid of a Court of Equity. *Currier* v. *Rosenbrook,* 48 Vt. 34; *Smith* v. *Pettengill,* 15 Vt. 83.

The defendants are entitled to a trial by jury on the question whether there has been a breach of the contract. *Scott* v. *Neely,* 140 U. S. 106; *Cates* v. *Allen,* 149 U. S. 451; *Coal Co.* v. *Snowden,* 42 Pa. St. 488; *Donahue* v. *Miester,* 88 Cal. 121; *Wiggins* v. *Williams,* 36 Fla. 637; *Skeele* v. *Stanwood,* 33 Me. 307.

*J. H. LaFleur* and *W. H. Bliss* for the oratrix.

The bill sets forth a complete equitable case on the ground of fraud. 1 Story Eq. s. 184; *Conant* v. *Jackson,* 16 Vt. 335; *Hoyt* v. *Dewey,* 50 Vt. 465; *Smith* v. *Scribner,* 59 Vt. 96; *Harrington* v. *Grant,* 54 Vt. 236.

The Court of equity will lay hold on and retain this fund. Adams Eq., 310. And since the oratrix now has no other remedy, this Court must retain jurisdiction in order that full and complete justice may be done. 1 Story Eq., s. 33; *Freeholders* v. *Bank,* 48 N. J. Eq. 51; *Richardson* v. *Railroad Co.,* 44 Vt. 613; 11 Enc. Law, 200; 18 Enc. Pl. & Pr. 110.

START, J. The bill cannot be maintained on the ground that the contract between the mother and son was entered into with a fraudulent intent on the part of the son to cheat and defraud the mother. The allegations do not tend to show

that the contract was induced by false and fraudulent representations, or that an undue advantage was taken of the mother's age, circumstances and situation, or that the son did not receive the mother's property, and in consideration thereof, in good faith, promise to support her during the remainder of her life; nor can the bill be maintained on the ground that the son received the money to hold in trust for the mother. He received it as a consideration for his agreement to support the mother, and the mother received therefor the right to have and demand such support. But the bill can be maintained on other grounds. It shows that process cannot be served upon the son, for the reason that he has absconded from the State, leaving no property within this State; that the mother brought an action at law, and caused the son's arrest therein as an absconding debtor; that defendant Moore became bail for the son's appearance; that defendant Lenora Hanks placed the sum of eight hundred dollars in the hands of Moore to indemnify him as such bail, that on granting an injunction restraining Moore from paying said money over to either of the other defendants, the mother will discontinue her action at law, and thereby relieve Moore from the liability he is under as bail for the appearance of the son; that the son owned a farm valued at twenty-two hundred dollars and mortgaged for five hundred dollars; that the farm and some personal property thereon constituted all of the available property of the son; that the son, without consideration, through a third party, conveyed the farm to his wife, defendant Lenora Hanks, in fraud of the mother's rights as a creditor of the son; that Lenora Hanks sold the farm and received seventeen hundred dollars therefor, and removed from the State, leaving no property in this State, except the money so placed in the hands of defendant Moore; that the money now in the hands of Moore is a

part of the proceeds of the sale of the farm of Lenora Hanks; that said money cannot be reached by an action in a court of law; and that the mother is left without means of support.

By these allegations, the oratrix makes a case over which the Court of Chancery has jurisdiction. If her action at law is still pending, chancery has jurisdiction for the purpose of keeping the proceeds of the farm, which it is claimed was conveyed in fraud of the oratrix's rights as a creditor of defendant Carlton Hanks, where they will be available for the purpose of satisfying the oratrix's debt, if any she has against him, when the same shall be established by a judgment in the action at law. It also has jurisdiction if it is found by the Court of Chancery that the farm was conveyed in fraud of the rights of the oratrix, and that defendant Moore holds the proceeds thereof, to appropriate such proceeds to the payment of the judgment, if one is obtained. Therefore, the cause and the injunction order therein should be retained for such time as the Court of Chancery shall consider a reasonable time for the oratrix to establish her debt, if any she has, by a judgment in her action at law; and if she does so within such time, the Court of Chancery should proceed with the cause and if it is found that the farm was conveyed in fraud of the oratrix's rights as a creditor of defendant Carlton Hanks, and that the proceeds thereof are, in part, in the hands of defendant Moore, decree satisfaction of the judgment out of such proceeds. *Griffith* v. *Hilliard,* 64 Vt. 643; *Missionary Society* v. *Eells,* 68 Vt. 497.

Defendant Carlton Hanks, having removed from the State, is beyond the reach of the process of the Courts of this State; therefore, the oratrix cannot now obtain a judgment against him in a court of law, unless her action heretofore brought in the law court is still pending. If that action has

been discontinued, and defendant Carlton Hanks has no property in this State, the oratrix cannot obtain satisfaction for the claimed breach of contract for her support in the law courts of this State; and the Court of Chancery has jurisdiction of all the matters alleged in the oratrix's bill, and may ascertain whether there has been a breach of the alleged contract, and, if so, the damages resulting therefrom, and decree satisfaction thereof out of the proceeds of real estate found to have been conveyed in fraud of the oratrix's rights, and now in the hands of defendant Moore; provided the oratrix, in discontinuing her action at law, acted in good faith, believing it was necessary to do so in order to obtain satisfaction for the claimed breach of the alleged contract out of the money in the hands of defendant Moore. *Bank* v. *Paine,* 13 R. I. 592; *Pendleton* v. *Perkins,* 49 Mo. 565; *Overmire* v. *Haworth,* 48 Minn. 373; Bump on Fraudulent Conveyances, § 549; 14 Ency. of Law, (2 ed.) 318.

*The pro forma decree is affirmed and cause remanded.*

