GLASCO v. SCHOOL DIST. No. 22, McCLAIN COUNTY.

No. 556.    Opinion Filed July 13, 1909.

(103 Pac. 687.)

1.    **PLEADING—Defects in Verification—Waiver.** Any defect or irregularity involved in the verification of a petition for an injunction is waived, where, without raising it, defendant answers to the merits.

2.    **INJUNCTION—Temporary Injunction—Oral Evidence.** Where the motion or notice upon which a temporary injunction is granted is silent as to the character of the evidence to be relied on, it is not error for the court to hear the same upon oral testimony.

3.    **INJUNCTION—Trespass to Land—Determination of Title.** Where a school district is in possession of a tract of land, occupying the same with its buildings and claiming title thereto by virtue of a deed of donation, and the same is invaded by a party likewise claiming title thereto, who takes possession thereof and destroys a portion of the property of the district and piles lumber and building material thereon and begins the erection of a building, it will be granted a temporary injunction restraining said party from interfering with its possession until the title to the same is determined.

(Syllabus by the Court.)

*Error from District Court, McClain County; R. McMillan, Judge.*

Action by School District No. 22, McClain County, against E. D. Glasco. Judgment for plaintiff, and defendant brings error. Affirmed with modification.

On November 9, 1908, School District No. 22 of McClain county, Okla., by and through its board of directors, filed its petition in the district court of that county praying an injunction against E. D. Glasco, which petition set up: That it is the owner of a certain school site and building situated on one square acre of the extreme southeast corner of section 9, township 7, north range 3 west, McClain county, Okla. by virtue of a certain donation or deed of conveyance made by the owner of the land on the 24th of April, 1906; that, in pursuance of said donation and deed

of conveyance, its predecessor took possession of the said land for a school site and erected a building thereon for the purpose of carrying out in good faith the purposes of the donation, and occupied the same for school purposes; that the donation was originally made to a community of people who maintained a school on the south tract of land prior to Oklahoma's organization as a state; that, after the organization of the state, the said school district succeeded to all rights and interests of the community and thereafter held the said tract of land for school purposes; that the board of directors of the said school district located the site of the school building for that district on the said tract of land and had a public school taught therein during the years 1907 and 1908; that it erected thereon a building of the value of $500, and an arbor of the value of $100, and was using and occupying the same for school purposes, as above set out; that the defendant has unlawfully entered upon and taken possession of the said school site and building aforesaid and is engaged in piling building material and is engaged in erecting other buildings on said school site, the property of plaintiff, and is threatening and preventing plaintiff from using said school site and building for school purposes and for which the same was donated; that the plaintiff is unlawfully and without legal right threatening to inclose said site and building with a fence, and is obstructing the ingress and egress to said school building and site, and is now claiming and threatening violence to any and all parties who attempt to prevent his unlawful acts; that the defendant is preventing plaintiff from having the building and site used and occupied for the purposes for which the same was donated; that, if he is not restrained from his further threatened unlawful acts and is not compelled to remove the said obstruction from and off of said school site, and he, his agents and employes, restrained from further interfering with plaintiff's rights in the premises, plaintiff will suffer great and irreparable damages; that plaintiff has no adequate remedy at law; that defendant at the time of his un-

lawful acts above set out, and in addition thereto, tore down and destroyed the arbor above mentioned.

The plaintiff then prayed that the defendant be enjoined from proceeding with his unlawful acts and restrained from further piling lumber and building material on said school site, and from further building and erecting buildings on said premises, and from further interfering with the ingress and egress of plaintiff and the school children from attending the school to be taught in the said school building, and that the defendant be restrained from going on and remaining on said premises except to remove all obstructions placed thereon, and that he be required to immediately remove all buildings and lumber which he has placed thereon, and he be restrained from interfering in any manner with the rights of ingress and egress of the directors and officers of said school district and the children thereof, and restrained from interfering with the opening and conducting of school by the officers of said school district. Attached to the same is an exhibit, which appears to be a copy of an instrument executed on the 24th day of July, 1906, by W. W. Yoder, who was then owner of the tract of land involved in the school site above mentioned, which was signed by two other parties representing the school community in which the said owner agreed that he would permit the erection and maintenance of a building to be used for school, church, and Sunday school, and other public purposes, conducive to public morals and the general welfare of the community, regardless of the creed which may be advocated by the residents of said community. It further provided that, in consideration of the grant, the people of that community, through their duly authorized and acting representatives, would insist on the authorities of the forthcoming state of Oklahoma maintaining a public district school in the said building and on said premises for all time. The first party agreed, in consideration of the above, and in consideration of the erection of a more suitable building and the maintenance therein of a public school on the said land and premises, perpetually, that he would, and, in the event of his

death, his heirs, executors and administrators should, deliver to the proper authorities a warranty deed to the one acre of land above described. This document was duly acknowledged by the owner of the land and delivered to the second parties, who represented that community.

This petition and document were on the 9th day of November, 1908, presented to the district judge of that district, who issued an order restraining the defendant, E. D. Glasco, from proceeding with the acts charged against him in the petition and requiring him to immediately remove all buildings, building material, and all things placed on the said land, and ordered that he be restrained from interfering in any manner with the ingress and egress of plaintiff and the school children from attending the school to be taught on the said site, and from the opening and conducting of the school by the officers of the school district. On the 10th day of November, 1908, the defendant appeared before the district judge at his chambers, and on his application, without notice, the judge set aside the temporary injunction entered on the day previous. Thereafter counsel for plaintiff served notice on the defendant that on the 16th of November, 1908, they would present a motion to set aside and vacate the order made and entered on the 10th of November, 1908, in which the order of injunction was set aside.

On the 14th of November, 1908, the defendant filed his answer, in which he admitted that W. W. Yoder was the owner of the lands described in plaintiffs complaint on the date of July 24, 1908, but alleged that on the 7th day of October, 1908, he purchased for a valuable consideration this tract of land from the said Yoder and his wife, without knowledge of any right or claim or interest of any person or corporation to any portion of said lands, although the schoolhouse described in plaintiff's complaint was situated on said land near the southeast corner thereof, that the same was unoccupied, and that he was informed by W. W. Yoder, one of the qualified and acting directors of said school district, that the district had no interest whatsoever in said lands,

240    SUPREME COURT OF OKLAHOMA.

Glasco v. School Dist. No. 22, McClain County.

but that the school house situated thereon had been built upon said land by public subscriptions of the people of that community, and that they had the right and would remove same from said lands, and that defendant, acting upon such statements, purchased the same, excepting from said deed "one schoolhouse temporarily located on said lands." He denied that the plaintiff was the owner of the land or had any interest, claim, or right whatever therein. He further denied that he in any way took possession of the building or in any way threatened to or did prevent plaintiff or any one else from using said building, or the ground upon which the same was situated; admitted that he removed from his land an old unsightly brush arbor of no value and was erecting thereon a valuable building; denies that he is interfering with the ingress or egress of the children, or that he has threatened to do so; and averred that he is the owner of the land and is entitled to the possession thereof, but does not object to the schoolhouse remaining thereon until some arrangement is made for its removal by the persons owning it.

In this situation the case came on to be heard before the judge of the district court at his chambers. On the plaintiff calling a witness for examination, the defendant objected to the taking of oral testimony, as no notice had been served that such testimony would be offered, and, further, that the pleadings on their face are not sufficient to justify the granting of an injunction of this kind. No ruling appears to have been made upon this objection; but the court heard the evidence, and at the conclusion of the same on the 23d of November, 1908, entered an order in which the details of the proceeding above set out were recited, and which set forth that:

"The court doth on this, the 16th day of November, 1908, revive and renew his said order of said 9th day of November, 1908, and it is therefore the order, judgment, and decree of the court that the defendant, E. D. Glasco, be enjoined and restrained from proceeding in his unlawful act with reference to the possession of one square acre of the extreme southeast corner of the southeast quarter of the southeast quarter of the southeast quarter

of section 9, township 7, north of range 3 west, McClain county, Oklahoma, which includes School District No. 22; and the said E. D. Glasco, defendant herein, is hereby restrained and enjoined from further building and erecting any building on said premises and from further interfering with the ingress and egress of plaintiff and the school children from attending school to be taught in said school building on said site; and the said defendant and his agent, or agents, servant or servants, be restrained from going on and remaining on said premises, except to remove all obstructions placed on said school site, and that the said defendant be required to immediately remove all buildings or building material, and all things so placed on said premises by him, his agents or servants, from off said premises, and that he be restrained and enjoined from interfering in any manner with the ingress and egress to the said school site of the directors and officers of the said School District No. 22, and from interfering with the opening and conducting of the school by the officers and teachers of said school district, under the penalties prescribed by law."

To this order of the court the defendant excepted and brought the case to this court by petition in error and case-made.

*Rennie, Hocker & Moore,* for plaintiff in error.

*Wadlington & Wadlington,* for defendant in error, citing: *Cox v. Garrett,* 7 Okla. 375; *Stayton v. Butcher,* 16 Okla. 232; *Carpentia School Dist. v. Heath,* 56 Cal. 478; *Brown v. Stark,* 83 Cal. 632; 13 Cyc. 431-433, 439, 463-469, 493, 500, 501.

Dunn, J. (after stating the facts as above). Whatever may have taken place in these proceedings prior to the hearing of November 16, 1908, and the order entered thereon, in our judgment can in no wise affect the merits of the case as it now appears in this court. The original order, predicated as it is, contended by defendant upon a petition insufficiently verified, was set aside, and the order upon which plaintiff must rely, and which confronts defendant, is the one which was issued as a result of the evidence taken at the hearing had at that time. If the petition was insufficiently verified, defendant waived any irregularity therein by, in the first instance, answering to the merits. 22 Ency. Pleading &

Vol. 24—16

Practice, p. 1051; 31 Cyc. p. 717, *et seq.*   On the same point, see, also, the case of *Cox et al. v. Garrett,* 7 Okla. 375, 54 Pac. 546, wherein the Supreme Court of the territory of Oklahoma held:

"The provisions of section 251 of our Civil Code of Procedure, under which a temporary order of injunction may be granted upon a satisfactory showing to the court or judge, upon the affidavit of the plaintiff or his agent, that he is entitled to such·an order, do not preclude the judge or court from granting such order without the verification of the petition, or an affidavit in support of the application, if, from the pleadings or other evidence, it is satisfactorily shown to the court or judge that the plaintiff is clearly entitled to the relief prayed for."

: The motion upon which the hearing was finally heard was silent concerning the nature of the evidence to be offered at the hearing, and in such a case the Supreme Court of Kansas, in *Olsson et al. v. City of Topeka et al.,* 42 Kan. 709, 21 Pac. 219, holds that no error is committed in hearing oral evidence where both parties participated.   Furthermore, we are not able to see how defendant was in any particular prejudiced.   The testimony material for the consideration of the court offered by both parties was practically· without serious dispute.

This leaves the question remaining of whether or not the judge at chambers was justified upon the pleadings and the evidence offered in granting a temporary injunction to· hold the property in controversy in *statu quo* until it could be tried upon its merits and the rights of the parties determined.   The defendant, relying upon the case of *Bracken v. Stone et al.,* 20 Okla. 613, 95 Pac. 236, contends that the petition fails to state facts sufficient to justify the relief sought and granted, in that it is not averred that the defendant is not able to respond in damages. The case to which counsel refer in the syllabus holds that a petition, which seeks to enjoin an alleged threatened trespass such as could be fully compensated in money damages, but which fails to show that defendants are insolvent, is fatally defective.   In our judgment the character of the damages alleged in this petition is such that could not be adequately met by a money consideration.

If the school district is entitled to the possession of this tract of land with its school building, and is entitled to continue to teach school therein, it is difficult for us to understand how a money judgment against defendant would compensate the school district, the patrons of the school, and the school children for the detriment suffered, should they be denied the right to use the same for school purposes. We believe the question is scarcely open to argument.

The purposes and objects of a temporary injunction is to preserve the controverted matter in *statu quo,* and to prevent further perpetration of wrong or the doing of acts whereby the rights of any of the parties may be materially invaded, injured, or endangered. Joyce on Injunction, § 109a. Defendant admits in his answer that he removed the arbor to which reference has been made; but he avers the same was valueless and had served its purpose, and admits that he is erecting a valuable building on the land. It will be noted that the answer put in question the title to the ground, and also the restraining order issued is mandatory in its character to the extent of requiring him to remove all obstructions and immediately remove all buildings, or building material, and all things else so placed on the premises by him or his agents. Under the ruling limiting the extent to which an injunction, temporary in its character, may properly go, in our judgment the requirement made on defendant to remove his building and material from the grounds exceeds the proper scope of such an order, for the reason that it does more than merely preserve the property in dispute in *statu quo* until the rights of the parties may be finally adjudicated; while it may not absolutely decide the question of the title, it is such an order as ought to be granted only after the title is determined on a final hearing on the merits.

Mr. Joyce, in his recent work on Injunctions, at section 110, says.

"As the object of a preliminary or temporary injunction is merely to preserve the property in dispute in *statu quo* and to

244 SUPREME COURT OF OKLAHOMA.

Glasco v. School Dist. No. 22, McClain County.

protect it from injury until the rights of the parties can be finally adjudicated, the court will not, on the hearing of an application to grant or to vacate a preliminary injunction, decide questions of title to the property in dispute, but will reserve such questions until the final hearing upon the merits."

And in the consideration of the same question, the Supreme Court of Vermont, in the case of *Griffith v. Hillard*, 64 Vt. 643, 25 Atl. 427, said:

"When it appears that the title is in dispute, the court may, in its discretion, issue a temporary injunction and continue it in force for such time as may be necessary to enable the orator to establish his title in a court of law, and may make the injunction perpetual when the orator has thus established his title; or the court may proceed and determine which party has the better title; or it may dismiss the bill and leave the orator to his legal remedy. *Bacon v. Jones*, 4 Mylne & Craig, 433; *Duke of Beaufort v. Morris*, 6 Hare, 340; *Campbell v. Scott*, 11 Simons, 31; Kerr on Injunction, 209; *Ingraham v. Dunnell et al.*, 5 Metc. (Mass.) 118; *Rooney v. Soule*, 45 Vt. 303; *Wing, Adm'r, v. Hall et al.*, 44 Vt. 118; *Lyon v. McLaughlin*, 32 Vt. 423; *Hastings, Adm'r, v. Perry et al.*, 20 Vt. 278; *Barnes v. Dow*, 59 Vt. 530, 10 Atl. 258; *Barry v. Harris*, 49 Vt. 392."

Another case where the same question was involved is the case of *Huffman v. Hummer*, 17 N. J. Eq. 263, wherein the court in the syllabus said:

"When the answer admits the material allegations upon which the equity of the complainant's bill rests, but sets up new matter in avoidance, the injunction will not be dissolved. In many cases the court will interfere and preserve property in *statu quo* during the pendency of a suit in which the rights to it are to be decided, and that without expressing, and often without having the means of forming, an opinion as to such rights. It is not necessary to the continuance of an injunction that it should be clear that the complainant will succeed at the hearing. It is sufficient if there is ground for supposing that relief may be given."

To the same effect, see the cases of *New Jersey Zinc & Iron Co. v. Trotter et al.*, 38 N. J. Eq. 3, and *Northern Pacific R. Co. v. City of Spokane et al.* (C. C.) 52 Fed. 428.

In view of the fact therefore that the title to the ground over

the possession of which this controversy arises is in dispute, each party claiming to own it and to be entitled to the undisturbed and absolute possession thereof, and the school district having been in possession of the same with its school building, and having occupied and used it for school purposes, and was so claiming and using the same under and by virtue of a deed of donation at the time, it will for the purposes of this proceeding be deemed to have the better right to the present possession, and the order of the district judge, granting and giving to it this right and restraining the defendant from in any manner whatsoever interfering with the exercise thereof, is affirmed.

It is not shown in the record that the building material and the building constructed thereon by the defendant in any wise interferes with the actual use of the premises for school purposes. Assuming they do not so interfere, and that their presence upon the ground will not militate against the district to any extent in holding school in the building and using the grounds for the purposes incident thereto, the order will be modified, relieving defendant from removing his building and building material from the ground, until the final trial of this action and the determination of the right of title in and to the ground. The defendant will be, however, and he is, restrained from continuing his building operations or continuing to exercise any rights of dominion or possession over or in and to the acre of ground involved, until the final determination of the title.

Except for the modification herein indicated, the order of the district court is affirmed, at the cost of the defendant.

Hayes, Turner, and Williams, JJ., concur; Kane, C. J., absent and not sitting.