Stafford *v.* Ballou et al.

SAMUEL STAFFORD *v.* CYRUS BALLOU AND OTHERS.

[IN CHANCERY.]

The practice of allowing a decree to pass in the court of chancery *sub silentio*, with a view to taking an appeal, commented upon.

Whatever is sufficient to put a party upon inquiry is sufficient to affect him with notice of all those facts, which he might be presumed to have learned upon reasonable inquiry.

When a person has a mortgage upon land, and another person has a subsequent mortgage, if the second mortgagee stand by and see the mortgagor induce the first mortgagee to release his mortgage and take the assignment of another security, which *he* supposes to be *next* to his own, but which is in fact subsequent to the second mortgage, such subsequent security will be preferred to the second mortgage.

APPEAL from the court of chancery. It appeared that the case was not heard by the chancellor, but a decree passed by consent, with a view to bring the case here. This court (REDFIELD, J.) took occasion to say that such a practice, if it became general, must be attended with many evils; that the court were not then prepared to adopt the New York rule *instanter*, and affirm all such decrees *sub silentio*; but they had no doubt that such a rule, when properly promulged, might be judicious and necessary.

The court remarked, in delivering the final decree, and remanding the case to the chancellor, that it was quite impossible that this court could, in the short time allowed them, do the same justice to a voluminous chancery case, which the chancellor could have done to it, had it been submitted to him; and that a hearing before him might very likely have obviated all desire for an appeal,—and, at all events, would have so far made the counsel aware of the important points in the case, as very much to have abridged the labor of this court.

The case depended upon the proofs mainly; and it is not deemed important to report them in detail. The court held, that whatever was sufficient to put a party upon inquiry, was sufficient to affect him with notice of all those facts, which he might be presumed to have learned upon reasonable inquiry, according to the rule laid down in *Green v. Slayter*, 4 Johns. Ch. R. 38.

The court farther held, that, where one person had a mortgage upon land, and another person held a subsequent mortgage, if the second mortgagee stood by and saw the mortgagor induce the first mortgagee to release his mortgage and take an assignment of another security, which *he* supposed to be *next* to his own, but which was in fact subsequent to the second mortgage, such subsequent security should be preferred to the second mortgage,—that the second mortgagee, having signed the assignment as a witness, and having for a long time treated it as prior to his own claim, and thus led the orator into the belief that such was the fact, must now be bound by it.

*D. Kellogg* and *W. C. Bradley* for orator.
*A. Keyes* for defendants.