## TOWN OF WOODBURY *v.* EDWIN BRUCE.

### [In Chancery.]

*Mortgage, Discharge of. Trustee of U. S. Surplus Revenue Money. Breach of Trust. Estopped. Put upon Inquiry.*

The orator's trustee of the U. S. surplus revenue money purchased a farm on which was a mortgage to secure a note payable to its trustee of the said surplus, or his successor, and discharged the mortgage without payment of the note, and without a record of the discharge being made, sold the farm to the defendant who had knowledge of all the facts; *Held,* that the act of the trustee was a gross breach of trust; that the information given to the defendant was sufficient to put him upon inquiry, and as between him and the town it has the superior equity; and the town is not estopped,—as it did not influence the defendant in making the purchase.

BILL to foreclose a mortgage. Heard on the pleadings and a special master's report, September Term, 1886, POWERS, Chancellor. The decree was that the petitioner have a foreclosure as prayed for, with the usual time of redemption. The master found, that one Geo. H. Wells on February 9, 1874, gave the note in question to the trustee of the U. S. surplus revenue money, and on July 10, 1874, executed the mortgage in question to secure it; that said Wells died in 1876 and that A. W. Nelson was appointed administrator of his estate; that said Nelson was sole trustee of the U. S. surplus money, that he procured said Wells to give the mortgage, that Nelson continued said trustee till March, 1877; that said Nelson on December 3d, 1876, conveyed by an administrator's deed the farm on which the mortgage was given, to R. W. Bruce, and at the same time said Bruce conveyed by quit-claim deed the farm back to said Nelson, and he wrote on the mortgage the discharge as stated in the opinion; that the sale of the farm to Bruce was a fictitious one and that it was a mere arrangement by which Nelson was to have the farm; that the defendant acted in good faith and that he and Nelson considered the mortgage as legally discharged, although they both knew that the note had not been paid; that Nelson never paid the note, but claimed that the property to pay said note was received by him by his taking the Wells farm into his own hands, and that it was due from him to the town, and that the town looked to him to pay it until he failed, some time in 1878 or 1879. The other facts are sufficiently stated in the opinion.

*Heath & Willard*, for the defendant.

The mortgage was discharged. The discharge was made by one having full authority to do it. R. L. s. 642. The acquiescence of the town in the discharge operates as a ratification. *Pownal* v. *Myers*, 16 Vt. 408. The conveyances from Nelson to Bruce, and from him back, constituted a discharge of the mortgage. *Welsh* v. *Phillips*, 54 Ala. 309.

The town is estopped. Herman Est. 939; *R. R. Co.* v.

*Langdon*, 45 Vt. 137; *Strong* v. *Ellsworth*, 26 Vt. 373; *Holloran* v. *Whitcomb*, 43 Vt. 307.

*S. C. Shurtleff*, for the orator.

It was a breach of trust in Nelson to attempt to discharge the mortgage without payment of the note. He could not discharge it without payment, and the defendant is in no better position to defend than Nelson.

The opinion of the court was delivered by

Royce, Ch. J.    While A. W. Nelson was trustee of the U. S. surplus revenue money for the town of Woodbury, he procured a mortgage, executed by George H. Wells, of the land described in the bill, securing a note which said Wells had given, payable to the trustee of said revenue money, or his successor in office, of said town of Woodbury, and two other notes that said Nelson then held against said Wells. The land described in the mortgage was subsequently conveyed to Nelson, and on the day of its conveyance to him he made the following endorsement on the mortgage: "Having received the contents of the notes specified in this mortgage according to the tenor and effect of the same, I hereby discharge this mortgage in full," signed, A. W. Nelson.

The endorsement was not recorded; and it is found that the note given to the town of Woodbury had not then, and has not since been paid. That note and the mortgage remained in Nelson's possession until March, 1877, when he handed the note to his successor in office and retained the mortgage. On the 10th of March, 1877, he sold the land described in the mortgage to the defendant, and before he executed the deed he informed the defendant how he considered the Wells mortgage to be discharged, and what he had done to discharge it and to clear the title; so that the defendant purchased the property with full knowledge that Nelson, while acting as trustee of the town of Woodbury, attempted to discharge the mortgage with-

out the note secured by it having been paid, and that it had not then been paid.

The attempt of Nelson to deprive the town of the security it held for the payment of the note, and which he had obtained while acting as trustee, was, as between himself and the town, a gross breach of trust. The question presented is: Will the endorsement so made upon the mortgage bind the town, so that the deed from Nelson to the defendant will be operative to defeat the right of the town to the security given by the mortgage?

It was an attempt to discharge the mortgage without payment of the note secured by it, and the statement that he had received payment of the note was false in fact, and must have been known by the defendant to be false at the time he purchased the property.

The right of the town to the security given by the mortgage was not prejudiced by the attempted discharge. The information given to the defendant when he purchased the property was, in our judgment, amply sufficient to put him upon inquiry. *Blaisdell* v. *Stevens*, 16 Vt. 179; *Lovejoy* v. *Raymond*, 58 Vt. 509. And if he, with such knowledge, purchased and paid for the property without making provision for the payment of the note, he did so at his peril; and as between him and the town, the town has the superior equity.

Neither do we find any fact that in law estops the town. The town did not participate in the purchase of the property by Nelson, nor in its sale to the defendant, and had no knowledge of the endorsement made upon the mortgage; and there is no act or conduct of the town shown that influenced the defendant in making the purchase. He purchased the property equitably charged with the payment of the note, and has in no way been released from that obligation.

The decree is affirmed and cause remanded.