Complainants, as judgment creditors of Real Estate Corporation, seek to set aside a conveyance from that corporation to Linkop Realty Corporation and subject the real estate so conveyed to the lien of their judgment.
The essential facts cannot be said to be in substantial doubt. The Real Estate Corporation, who made the conveyance which is the subject of the attack herein, at no time had any beneficial interest in the property conveyed. *Page 568 
The property was purchased from its owner by three individuals who were to form a corporation to take title to the property and have stock issued to them to represent their several interests. Because the formation of the proposed corporation had not been consummated on settlement day these three persons had their vendor convey the property to defendant Real Estate Corporation — a corporation controlled by one of three purchasers — to the end that that corporation should reconvey the property to the new corporation when formed. Subsequently defendant Linkop Realty Corporation — the proposed new corporation — was formed by the three persons, as theretofore planned, and the property was conveyed to it by defendant Real Estate Corporation. It is that conveyance which is herein attacked. Complainants' judgment against the Real Estate Corporation is a deficiency judgment entered after the foreclosure of a purchase-money mortgage which was executed to complainants by the Real Estate Corporation on other real estate. At the time the legal title of the property here in question was transferred by defendant Real Estate Corporation to defendant Linkop Realty Corporation the Real Estate Corporation had no debts, except mortgage indebtedness, and was not financially embarrassed, and so far as the evidence discloses had no anticipation of financial embarrassment, nor did the Linkop Realty Corporation, or the three persons comprising its stockholders, take title by reason of or in anticipation of any present or future financial embarrassments of the Real Estate Corporation. Neither the mortgage held by complainant nor any other obligation of the Real Estate Corporation was in default at the time the transfer of legal title of the property here in question was made. The conveyance was made pursuant to and in strict accordance with the plan determined upon at the time the legal title was taken by the Real Estate Corporation. It thus appears that the judgment debtor, whose debt is now sought to be enforced against the real estate here the subject of controversy, at no time had any beneficial or proprietary interests in it, but at all times held merely the legal title in trust for the three persons who were the real owners, *Page 569 
and in making the conveyance to the corporation formed by these three persons to take title did no more than honestly execute its trust. The evidence discloses no bad faith or unlawful or improper purpose upon the part of anyone.
It is recognized that to establish a trust of this nature the evidence must be clear and convincing and make the fairness and justice of the claim manifest. This trust, as claimed, has been fully and clearly established by the evidence. The naked legal title was in the Real Estate Corporation and nothing more; the property belonged to the three persons to whom, or for whom, it was conveyed. As already stated, in making that conveyance the Real Estate Corporation did no more than discharge its clear and unmistakable duty; it discharged its trust. No creditor, present or future, was injured, since no beneficial interest of the Real Estate Corporation was conveyed. A refusal to make the conveyance would have been wrongful.
It is urged on the part of complainant that the Real Estate Corporation was insolvent at the time the conveyance was made — not insolvent in the sense that there was a general inability to meet pecuniary liabilities as they matured, but insolvent through the existence of mortgage debts in excess of the value of its assets, as subsequent events in a fallen market demonstrated — and accordingly the provisions of section 64 of our Corporation act are relied upon to render the conveyance void. As to that contention it is sufficient to say that the section relied upon relates to transfers of assets of the insolvent corporation; the transfer here in question was not of that nature; as already pointed out the property which was conveyed was not the property of the corporation who made the conveyance, and formed no part of its assets; the real ownership was where the conveyance placed it. It is alike a rule of law and of conscience on which I think all authorities agree that where one holds a naked legal title, as trustee for another, he has no interest which his judgment creditors can have satisfied out of the trust property; and that rule necessarily obtains alike as to individuals or corporations holding only a naked legal title, *Page 570 
in the absence of any qualification found in our corporation laws. The one and only exception to that rule is based upon an estoppel arising from credit given to the trustee on the faith of his or its ownership. See Carver v. Todd, 48 N.J. Eq. 102 (atp. 104); Silvers v. Potter, 48 N.J. Eq. 539; Iauch v.DeSocarras, 56 N.J. Eq. 538. See, also, "Rights of Creditorsof Trustee" in 26 R.C.L. (at p. 1261), with cases collected under title of Levy and Seizure, in volume 17, at page 125. There is no evidence in this case that credit was extended to the Real Estate Corporation on the faith of its ownership of the property here involved, and no estoppel can be supported by the evidence in this case; the mortgage, which is the foundation of complainant's judgment, obviously was not taken on faith of the Real Estate Corporation's ownership of the land here in question.
The bill will be dismissed.