Complainant, Michael Furer, is a judgment creditor of defendant The Real Estate Corporation, and seeks a decree declaring void, as against complainant, a certain conveyance of real estate — known as the Somerdale Tract — made by The Real Estate Corporation to defendant Linkop Realty Company.
Defendant The Real Estate Corporation was never the owner of the Somerdale Tract, the land against which the lien of complainant's judgment is sought to be enforced; it merely held the legal title to the land in trust for others, and in good faith and in pursuance of its trust conveyed the *Page 222 
legal title to the parties entitled to it, long before the present judgment was procured against The Real Estate Corporation. The theory now urged in support of the amended bill is that credit was given by complainant's assignors — Getzov and J.L. Furer — to The Real Estate Corporation because of its apparent ownership of the land, and hence, as it is claimed, the real owners of the land are now estopped from denying the ownership of The Real Estate Corporation.
It is true that the legal title to the land was in The Real Estate Corporation at the time credit was extended to that corporation by complainant. It is also true — and is admitted by stipulation — that The Real Estate Corporation at no time enjoyed any beneficial interest in the land, but held the legal title merely for the convenience of three individuals who owned the entire beneficial estate. Nor did the transaction, in which it is alleged that complainant extended credit to The Real Estate Corporation, have anything to do with the Somerdale Tract. That transaction wholly related to other land — not here in controversy — which complainant's assignors were selling to The Real Estate Corporation; in making that sale complainant's assignors accepted in part payment a purchase-money mortgage from The Real Estate Corporation on the land so sold; the claim is that complainant's assignors would not have accepted the bond of The Real Estate Corporation, which bond was secured by the purchase-money mortgage, but for their belief that The Real Estate Corporation was the absolute owner of the other land which it in fact held in trust. The judgment which complainant now seeks to enforce against that land is a judgment against The Real Estate Corporation for a deficiency arising from the foreclosure of the purchase-money mortgage.
A more detailed history of the transaction seems essential. February 8th, 1926, complainant's assignors held an agreement signed by "G.R. Weiner, Agent," whereby the latter agreed to purchase from the former certain real estate not here involved. Settlement under that contract was made on that day. The conveyance was made to The Real Estate Corporation, pursuant to the directions of Miss Weiner, and *Page 223 
a purchase-money bond and mortgage for a part of the consideration was made by that corporation to the vendors. At that time The Real Estate Corporation held in trust the legal title to certain real estate known as the Somerdale Tract — the premises herein in controversy — by deed dated January 29th, 1926, and recorded February 2d 1926. The origin and nature of that trust are set forth in an opinion of this court in Frank
v. Linkop Realty Corporation and The Real Estate Corporation,106 N.J. Eq. 567. The essential facts in the Frank Case have been stipulated as facts in this case. As there appears, Miss Weiner and two associates had contracted to buy the Somerdale Tract and had arranged to have the title conveyed, at settlement, to a corporation to be formed for that purpose; the stock of the corporation to be held by the three purchasers in proportion to their respective interests. But on settlement day (January 29th, 1926) the corporation had not been formed and for that reason the legal title was made to The Real Estate Corporation for it to hold the title until the proposed corporation could be formed, when The Real Estate Corporation was to convey to the newly-formed corporation. The new corporation, defendant Linkop Realty Corporation, was subsequently formed, as planned, and the legal title was conveyed to it by direction of the three beneficial owners. It was during that period in which the naked legal title was in The Real Estate Corporation, and only a few days after the trust conveyance to The Real Estate Corporation had been made, that the conveyance of the other real estate was made by complainant's assignors to The Real Estate Corporation by direction of Miss Weiner under the contract of sale held by complainant's assignors, and the part purchase-money mortgage and bond taken by them. Some two years later judgments were recovered against The Real Estate Corporation by one Frank and also by complainant herein. In 1930 Frank filed a bill to set aside the conveyance of the Somerdale Tract from The Real Estate Corporation to Linkop Realty Corporation on the ground that the conveyance was without consideration and void as to creditors of The Real Estate Corporation; *Page 224 
shortly thereafter complainant, Michael Furer, filed the original bill herein upon precisely the same grounds as the Frank bill. The Frank suit was first heard and the decision already referred to was filed October 4th, 1930. By reference to that decision it will be found that the trust was held to have been bona fide
and the conveyance to the Linkop Realty Corporation a bona fide
conveyance in fulfillment of the trust and unassailable by a creditor of The Real Estate Corporation; the bill was accordingly dismissed. But near the conclusion of that opinion, after a statement to the effect that where one holds a naked legal title, as trustee for another, he has no interest which his judgment creditors can have satisfied out of the trust property, it is there stated that the one and only exception to that rule is based upon an estoppel arising from credit given to the trustee on the faith of his ownership. Shortly thereafter the present suit came on for final hearing and on the eve of the hearing complainant's bill was amended; the amended bill was predicated upon the claim — then for the first time asserted — that it was in reliance upon the belief that The Real Estate Corporation was the beneficial owner of the Somerdale Tract that complainant's assignors were induced to waive their right to a bond and mortgage from Miss Weiner and accept the bond and mortgage from The Real Estate Corporation. This tedious recitation of facts is deemed necessary to fully disclose that it was not until after the suggestion above referred to as made by this court in its opinion in the Frank Case, in October, 1930, that the notion that complainant's assignors had been misled was made a ground for relief in the present case; a crucial fact first suggested, and then by an amended bill, on the event of trial nearly five years after the event.
There are to be found authorities which sanction the view that where one has placed his real estate in the name of another for the purpose of enabling the latter to obtain credit in his business transactions, the real owner of the land may be estopped from repudiating the record title, as against creditors of the trustee who have extended him credit in *Page 225 
faith of his ownership of the land. But I do not think any well-considered authority can be found to the effect that an estoppel of that nature will arise from the mere fact that the debtor held title to real estate, apparently absolute, which was in fact only held in trust, in the absence of some improper purpose in the creation of the trust estate, such as an intent to enable the trustee to enhance his credit. And even where the trust has been created for an improper purpose and credit has been given to the trustee in reliance upon his title, well-considered authorities are to be found to the effect that after the trustee has restored the property to its real owner, the property cannot be followed by the trustee's creditors; and this court has heretofore sanctioned that view. An exhaustive review of the authorities to that effect will be found inBicocchi v. Casey-Swasey Co., 91 Tex. 259;66 Am. St. Rep. 875. See, also, Pitney v. Bolton, 45 N.J. Eq. 639 (at pp.643, 644; Trenton Banking Co. v. Duncan, 86 N.Y. 221.
In the present case the trust was created for no improper purpose. The legal title to the Somerdale Tract was placed in The Real Estate Corporation because, and only because, the corporation that was to take the conveyance had not been formed in time to do so at the settlement; accordingly, title was placed in The Real Estate Corporation to hold until the proposed corporation — the Linkop Realty Corporation — should be formed; when formed the legal title was transferred to that corporation pursuant to the directions of the beneficial owners. The Real Estate Corporation was solvent and the restoration of the legal title was not made by reason of or in anticipation of any present or future financial embarrassments of The Real Estate Corporation. All this was ascertained in the Frank Case and stipulated in the present case to be true.
But it is claimed by complainant that prior to the settlement Miss Weiner, who represented herself and her two associates, stated to complainant's assignors that The Real Estate Corporation in fact owned the Somerdale Tract, and that at the settlement she was told by complainant's assignors *Page 226 
that they were releasing her from her personal contract to buy and making the conveyance to The Real Estate Corporation and accepting its mortgage and bond because of its ownership of the Somerdale Tract. Complainant's case may be thus said to wholly rest upon his ability to adequately establish these essential facts: Did complainant's assignors forego a right to convey to Miss Weiner and to receive from her a purchase-money mortgage, and make the conveyance to The Real Estate Corporation and accept its mortgage and bond because of representations, or conduct amounting to representations, made by Miss Weiner to complainant's assignors to the effect that The Real Estate Corporation was the owner of the Somerdale Tract? I am convinced that the evidence will not sustain the burden of proofs essential to establish the affirmative of that inquiry; nor do I think the evidence even justifies the conclusion that credit was in fact given to the The Real Estate Corporation because of the belief on the part of complainant's assignors that The Real Estate Corporation owned the Somerdale Tract.
In reaching that conclusion I am not inclined to believe that either Mr. Furer or Mr. Getzov have testified to anything they do not now believe to be true; but these transactions occurred nearly five years ago, and the danger of errors of memory in matters of that nature is too great to permit mere abstract recollection of what was then said to override not only the positive denials of Miss Weiner, and the not inconsiderable force of Mr. Richman's testimony, but also the various circumstances which powerfully militate against the accuracy of complainant's claim.
It must be borne in mind that no reason existed at that time to doubt the solvency or responsibility of The Real Estate Corporation, an active corporation controlled by Miss Weiner, irrespective of its ownership of the Somerdale tract. That corporation was not only active but owned other real estate and Mr. Furer well knew that fact. Just why any special consideration should have been given to the circumstance of ownership of the Somerdale Tract, in determining *Page 227 
the responsibility of The Real Estate Corporation, is not easily apparent, especially in view of the fact that no consideration whatever was given to the encumbrances against that tract. Any real consideration of the responsibility of The Real Estate Corporation, had that been a factor in the minds of complainant's assignors, should have and would naturally have embraced an inquiry touching its liabilities, rather than the existence of one asset, which asset might well have been heavily encumbered. Mr. Furer's knowledge or belief that The Real Estate Corporation owned the Somerdale Tract was acquired by him, he says, in the latter part of 1925, at which time he says Miss Weiner told him that the tract was owned by The Real Estate Corporation. Mr. Getzov says the same. In this both are unquestionably in error. At that time title to the Somerdale Tract had not been acquired; an agreement to purchase it was then held by Miss Weiner and her two associates, and the title, when taken, was to be made to a corporation to be formed for that purpose. The settlement touching the Somerdale Tract occurred January 29th, 1926, and title was on that day made, as already stated, to The Real Estate Corporation only because the formation of the new corporation had not then been affected. Accordingly, Miss Weiner could not have stated to Mr. Furer in 1925 that The Real Estate Corporation owned the Somerdale Tract. The inference is powerful that inasmuch as Mr. Furer admittedly knew that other titles in which Miss Weiner was interested were, about that time, being taken in the name of The Real Estate Corporation, he probably assumed that the Somerdale Tract had been handled the same way, and now thinks he was specifically so told by Miss Weiner. In fact, the settlement for and conveyance of the Somerdale Tract occurred only ten days before complainant's bond and mortgage were executed. It is not claimed that complainant's assignors even knew of that deed or of its record; it had been recorded only six days before the settlement here in question. Assuming that at the settlement Mr. Furer may have had in mind that The Real Estate Corporation *Page 228 
owned the Somerdale Tract, it is easy to understand how at this distant date he may think he then gave oral expression to that understanding on his part. It also developed at the hearing that the settlement which occurred on February 8th, 1926, had been arranged for February 5th and postponed to the 8th. In contemplation of the settlement on the 5th, Mr. Furer had prepared the deed and bond and mortgage and had supplied the 5th as their dates. These papers comprised the deed to The Real Estate Corporation and the bond and mortgage from that corporation and were used at the settlement on the 8th by crossing out the 5th and substituting the 8th as their dates. From this it is obvious that on the 5th, Mr. Furer had contemplated accepting The Real Estate Corporation's bond and mortgage. In view of that circumstance it is difficult to contemplate any good reason for the discussion which is alleged to have occurred on the 8th, since the mortgagor had been determined upon in the mind of Mr. Furer on the 5th. Taking a broader view of the situation, there is here presented a deed of conveyance and a purchase-money mortgage securing the accompanying bond of the mortgagor, executed in February, 1926. This court is now asked to enforce the lien of a judgment, entered over two years later, on that bond, against land in which the mortgagor admittedly never had an interest except as trustee for the real owners to whom the land was restored by conveyance pursuant to the trust in the year 1926. The relief thus sought is wholly based upon parol testimony of the mortgagees narrated in November, 1930, touching representations as to the ownership of the Somerdale land made at the time the deed, bond and mortgage were executed in February, 1926. It is denied that any such conversation occurred or that any such representations were made. Obviously no court should award the relief now sought, so long as any substantial doubt can be said to exist touching the representations so alleged to have been made. The relief herein will be denied. *Page 229