FRANK L. KENNEDY ET AL. *v.* E. P. ROBÍNSON.

February Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 4, 1932.

*Hugh Moore* for the defendant.

*Marvelle C. Webber* and *Evarts & Perkins* for the plaintiffs.

MOULTON, J.   The bill of complaint alleges that the plaintiffs are the owners in fee of a certain strip of land, about 20 feet in width, extending easterly from Ascutney Street in the village of Windsor to a mill property owned by them, over which there has been for more than fifty years a well-defined roadway, used continuously as a means of ingress and egress for teams in drawing logs to the mill, and lumber from it, and for general

376

business purposes; that the defendant has caused earth to be drawn and deposited upon the strip of land, so that access to the mill property over the roadway is completely shut off; and that although notified to desist, the defendant replied that he would continue to do so. An injunction is sought against him.

A demurrer was filed, which was overruled, and the benefit thereof reserved to the defendant. The case then proceeded to a hearing upon the issues raised by the bill and answer, and the chancellor, after finding the facts, entered a decree for the plaintiffs. The defendant appealed and also filed a bill of exceptions.

■ The first ground of demurrer is that the allegations of the bill regarding the plaintiffs' title are vague, indefinite, and uncertain in several designated respects, but it is not indicated wherein the claimed defects affect the sufficiency of the bill. All that is said upon this point in the defendant's brief is the following: "The demurrer should be sustained. The bill should be dismissed. It is too indefinite to support any action." This briefing is altogether inadequate, and there is nothing for our consideration. *Dailey* v. *Town of Ludlow*, 102 Vt. 312, 315, 316, 147 Atl. 771; *Capital Garage Co.* v. *Powell*, 97 Vt. 204, 209, 122 Atl. 423; *Drown* v. *Oderkirk*, 89 Vt. 484, 489, 96 Atl. 11.

■ The second ground is that the allegations of the bill relating to the acts of the defendant and his expressed intention to continue them are groundless and immaterial. This point is not briefed at all, and therefore is waived. *Gray* v. *Brattleboro Trust Co.*, 97 Vt. 270, 274, 122 Atl. 670; *Wood* v. *James*, 93 Vt. 36, 43, 106 Atl. 566.

■ The third ground of demurrer is that the plaintiffs have a complete and adequate remedy at law. That this contention is unsound is apparent because the bill alleges a trespass and an expressed intention on the part of the defendant to continue the objectionable acts, which is equivalent to a threat to do so. While a remedy at law might be adequate for each single act, if it stood alone, yet, where repeated acts are done or threatened, an injunction will lie to prevent a multiplicity of actions, and the ripening of the occupancy, if under a claim of right, into an easement by prescription; and to preserve the property from destruction. *Way* v. *Fellows*, 91 Vt. 326, 329, 330, 100 Atl. 682; *Griffith* v. *Hilliard*, 64 Vt. 643, 648, 25 Atl. 427; *Murphy*

v. *Lincoln*, 63 Vt. 278, 280, 22 Atl. 418; *Whipple* v. *Village of Fair Haven*, 63 Vt. 221, 225, 21 Atl. 533.

At the close of the plaintiffs' evidence the defendant moved for a decree in his favor. The motion was denied, subject to his exception. But since it was the duty of the chancellor to find and state the facts, which, of course, he had not done at that time, the motion was inopportune, and was properly denied. *Raithel* v. *Hall*, 99 Vt. 65, 70, 130 Atl. 749.

Several exceptions were taken to the findings as made, all of which raise essentially the same question—whether the evidence supported the finding that the plaintiffs are owners in fee of the 20-foot strip.

The chancellor has found that the plaintiffs are the heirs of Frank A. Kennedy, deceased, and obtained their title through a decree of distribution made by the probate court, in the settlement of his estate. The property, as conveyed to the decedent, on September 28, 1900, was described as bounded by certain streets and by the lands of abutting owners, one of whom, on the north, was the defendant. "Effect can be given to this description as to the northern boundaries," says the chancellor, "only by holding that the lands of F. P. Robinson lie north of the roadway leading from Ascutney Street to the mill, and the said roadway is a part of the property conveyed in said decree. We find that said deed conveyed to Frank A. Kennedy the said roadway leading from said Ascutney Street to the mill, and that said plaintiffs own the fee in said roadway." It is further found that in the deed under which the defendant claims title "the southern boundary is on said roadway, which we find to mean the northern boundary of said roadway." Other findings state that the defendant has no title to the roadway, and that his acts in depositing earth thereon were without right, and a trespass to the substantial damage of the plaintiffs.

From a plan introduced in evidence by the plaintiffs it appeared that the only part of the premises as claimed by them, which is bounded on the north by the defendant's land, is the twenty-foot strip. It is insisted that the description of the latter's property as bounded on the south by the roadway must be construed to mean the middle of the road. It is a rule of construction that where one owns lands abutting upon a highway, there is a presumption, in the absence of evidence to the

contrary, that he owns to the middle of it, and where one conveys land abutting upon a highway, in which he owns the fee, it is presumed that he intends to convey to the middle of it, and the deed will be given such effect, unless the language therein shows a clear intent to limit the grantee to the side of the highway. *Elliott* v. *Jenkins,* 69 Vt. 134, 139, 37 Atl. 272, and cases cited. Whether the presumption is the same in the case of a private road such as we have here, it is not necessary to decide. The description of the property owned by the grantor in the deed under which the defendant claims did not appear and there is nothing to show that he held the fee of the 20-foot strip or any part of it. Consequently, in any event, there can be no presumption as to the extent of his title, or as to his intent in conveying it. *Church* v. *Stiles,* 59 Vt. 643, 644, 645, 10 Atl. 674.

There was evidence that the roadway existed about 1865, and that from 1869, at least, until the mill was closed in 1920, it was used as a means of access to the mill property, and logs and sawed lumber were drawn over it by the owners of the mill and by customers of it. A photograph, taken sometime before 1869, showed a fence along the northerly side of the road, although this appears to have been removed at some time later. No claim to the roadway was made by the defendant to the plaintiffs or their predecessor in title until shortly before this suit was brought.

The defendant stresses the fact that in 1922 a wire fence was placed by the plaintiffs across the eastern end of the roadway, but the chancellor found, without exception being taken, that the fence was temporary and for the purpose of preventing the escape of some horses which were pastured upon the mill property, and that, since its erection, it has been up and down from time to time. It is further pointed out that the defendant himself, in common with the public generally, made use of the road, and that, in placing cement posts at the corners of the mill property the plaintiffs omitted to put one at the northeast corner of the twenty-foot strip, at the point where it joined the mill yard. But the weight to be given the evidence was for the chancellor to decide. We think that there was evidence to support his findings as to the plaintiffs' title, and the exceptions are not sustained.

■ Several exceptions were taken to the refusal of the chancellor to find as requested. All that appears concerning them in the record is that "the defendant excepted to the chancellor's failure to find as requested by defendant in. items 2, 4 and 8." This statement is too general to reserve any question for review, and it is not incumbent upon us to examine the requests to see whether any one of them requires attention. *Platt, Admx.* v. *Shields,* 96 Vt. 257, 266, 267, 119 Atl. 520.

■ ■ An exception was taken to the decree upon the ground that it was not supported by the bill, evidence, and findings, and not authorized by law, but this does not point out the particular defects relied upon, and so is not for consideration. *Higgins* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394. Moreover an exception to the decree does not reach back of the findings to the evidence. *Royal Bank* v. *Girard,* 100 Vt. 117, 119, 135 Atl. 497. That the findings as made support the decree is .clear, and, indeed, is not denied.

*Decree affirmed.*