## Martin S. Vilas *v.* John Seith.

January Term, 1937.

Present: Powers, C. J., Slack, Moulton and Sherburne, JJ., and Sturtevant, Supr. J.

Opinion filed February 2, 1937.

*Martin S. Vilas*, plaintiff, *pro se*.

*John Seith*, defendant, *pro se*.

MOULTON, J.   This is a proceeding under P. L. 2293 to set aside a deed of two parcels of real estate in the City of Burlington, given without consideration by defendant Seith to his grandson Cummings, and claimed to be in fraud of the rights of the plaintiff, as a judgment creditor of Seith.   Cummings did not appear and was defaulted.   After hearing, a decree was entered in favor of Seith, and the cause comes to this Court upon appeal and exceptions by the plaintiff.   It has been here before. 108 Vt. 18, 183 Atl. 854.

By the finding of facts we are informed that the indebtedness was incurred on March 29 and 30, 1933, and was for legal services rendered in the defense of an action at law.   The plaintiff's judgment was obtained on August 23, 1933, execution was levied upon the property, and this suit was brought within the time prescribed by the statute.   The deed to Cummings is dated April 2, 1933, and the events leading up to it were these:   For about two years during the lifetime of Seith's first wife, and while she was in ill health, Cummings waited upon her, and, in doing so, neglected his schooling to an undetermined extent. She died in 1929, having expressed the wish that the real estate should go to her grandchildren.   The title to the property was in Seith alone.   In May, 1931, Seith became critically ill and, since it was not expected that he would live, he deeded the property, without consideration, to his daughter, Elsa S. Gemmell and her husband, with the understanding that, in the event of his death, it would be deeded by them to his grandchildren. Seith recovered, and on September 25, 1931, the Gemmells quitclaimed to him, without consideration, his daughter orally instructing him at the time that he was to transfer the premises to

Cummings, who was then erroneously supposed to be twenty-one years of age. The deed of April 2, 1933, was made in accordance with Mrs. Gemmell's instructions, and for the purpose of carrying out the wishes of his deceased wife; and, as the chancellor puts it, ''in fulfillment of the trust with which it was impressed by the grantors [the Gemmells] by reason of said property having been deeded by them [to Seith] for the express purpose of having him deed it to said George Cummings.'' Seith had no other attachable property. Thereafter he lived, as he had done before, in one of the houses on the property, and collected the rents under a power of attorney from Cummings, applied the income to payments of taxes, interest and instalments due on the mortgage, and, in one instance, when he was ill, to his own use.

It is found that Seith did not intend to defraud any of his creditors and that there was no fraud, either actual or constructive, as to the plaintiff, but it may be observed that this finding adds nothing to the legal effect of the facts previously stated. ''A voluntary conveyance is fraudulent in law as to existing creditors for whom ample provision has not been made * * *. The cause of action and the right to maintain a suit under the statute is made out, if the conveyance was voluntary, if adequate provision was not then made for the payment of existing creditors, and if ultimately there is a deficiency of assets to pay the claims of such creditors. As to creditors at the time of the conveyance, the question of the good faith of the parties thereto is not involved. Such a conveyance is fraudulent and void as to them, although no actual fraud was intended.'' *Jones, Admx.* v. *Williams,* 94 Vt. 175, 180, 109 Atl. 803; 805, and cases cited; *Covey & Co.* v. *Morrill,* 71 Vt. 51, 56, 42 Atl. 976; *Vilas* v. *Seith,* 108 Vt. 18, 183 Atl. 854, 856. The question here is whether, on the facts as found, the law will impute fraud to Seith from the condition of his estate, and the necessary consequence of his act, regardless of any actual fraudulent intent or purpose on his part.

An express trust concerning land cannot be created or declared by parol. P. L. 2598; *Straw* v. *Mower,* 99 Vt. 56, 61, 63, 130 Atl. 687. But it is well settled that such a parol trust is valid to support a conveyance which would otherwise be in fraud of creditors, the theory being that the performance of the trustee's equitable obligation, although unenforceable against

him, is to be given protection. *Moran* v. *Morgan* (C. C. A.), 252 Fed. 719, 722, and cases cited; *Bryant* v. *Klatt* (D. C.), 2 Fed. (2d) 167, 168; *Ferguson* v. *Winchester Trust Co.,* 267 Mass. 397, 166 N. E. 709, 710, 64 A. L. R. 573; *Liberty Trust Co.* v. *Hayes,* 244 Mass. 251, 138 N. E. 582, 584; *Frank* v. *Linkop Realty Corp.,* 106 N. J. Eq. 567, 151 Atl. 550, 551; *Robinson Norton Co.* v. *Stalcup,* 53 Ind. App. 370, 106 N. E. 395, 397; *Fraser* v. *Churchman,* 43 Ind. App. 200, 202, 86 N. E. 1029; Glenn on Fraudulent Conveyances, paragraph 291. The only exception is based upon an estoppel, arising from credit given to the trustee on the faith of his ownership of the property. *Bryant* v. *Klatt, supra,* p. 169, and cases cited; *Frank* v. *Linkop Realty Corporation, supra,* and cases cited.

■ Before applying the foregoing principle to the case before us we must inquire whether there was here an oral trust, in pursuance of which the property was conveyed by Seith to Cummings. The chancellor, it is true, has said that one existed, but this is a conclusion of law, the correctness of which depends upon the facts previously found, and we are not precluded from examining these findings for the purpose of determining the legal situation resulting therefrom.

■■ The conveyance from Seith to the Gemmells, which, as we have seen, antedated the indebtedness of the former to the plaintiff, was upon an express oral trust for the benefit of the grandchildren of the grantor. By its terms, however, the trust was to be performed only upon the happening of a certain contingency, the death of Seith; and, by a fair construction, his death during the continuance of his then illness. Failing this, the trust could not be accomplished, and common honesty required that the legal title should be given back to the grantor. *French* v. *Edwards,* 21 Wall. (88 U. S.) 147, 22 L. ed. 534, 535; *Fidelity, etc., Trust Co.* v. *Gwynn,* 206 Ky. 823, 268 S. W. 537, 38 A. L. R. 937, 939, and cases cited in annotation, 38 A. L. R. 1021, 1022. As a result of this conscientious obligation, the Gemmells then held the property as constructive trustees for Seith. *Miller* v. *Belville,* 98 Vt. 243, 248, 126 Atl. 590. Being implied in law, the trust was not within the provisions of P. L. 2598.

■■ By the conveyance by the Gemmells to Seith, the latter became the owner of the legal and equitable title. The instruction given by his daughter imposed upon him no moral

duty. Mrs. Gemmell could not, as a condition of her act in fulfilling her equitable obligation and returning to him the property which he was entitled to receive upon the termination of the trust upon which she and her husband had briefly held it, create or declare a new trust upon which it was thereafter to be held. The wishes of Seith's deceased wife created no trust, and no declaration of trust appears to have been made by him.

The result is that the deed to Cummings was voluntary and without consideration, and, since therafter Seith possessed no other attachable property, it was fraudulent in law as against the plaintiff.

This holding makes it unnecessary to give attention to the other questions raised by the plaintiff.

*Decree reversed and cause remanded with instructions that a new decree be entered in accordance with the views herein expressed.*