BURLINGTON BUILDING AND LOAN ASSOCIATION
*v.*
GEORGE J. CUMMINGS ET AL.

May Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 17, 1941.

*Martin S. Vilas, pro se.*

*Nicholas A. Morwood* for defendants Vilas and Harvey.

*M. G. Leary* and *Bernard J. Leddy* (*M. G. Leary, Jr.,* on the brief) for the plaintiff.

BUTTLES, J.   In this chancery proceeding, which by permission of court has been reargued, the plaintiff prays by its petition as amended, in substance, that its equitable rights in and

to certain mortgaged premises be ascertained and protected; that three mortgages of real estate in the City of Burlington and the performance of the obligations therein secured be held in full force and effect as security to the petitioner under the terms of those mortgages; that said mortgages be held to be prior to all rights of any and all of the defendants in and to the mortgaged premises and that the claimed rights of the defendants in the premises be foreclosed. The defendants Vilas and Harvey were the only defendants who appeared and answered and defendant Vilas alone, hereinafter termed the defendant, has appealed to this Court. Hearing was had before the Chancellor and findings of fact were made and filed.

It appears from the findings that the three mortgages under which the plaintiff claims were dated September 15, 1930, December 2, 1932 and August 28, 1934, respectively, and that they were given to secure payment to the plaintiff of the sums of $1,000, $600 and $1,400, respectively; that the first two mortgages conveyed two different parcels of land and the third mortgage conveyed the same parcels that were covered by the first two mortgages; that the first two purported to be executed by John Seith and the third by George J. Cummings by John Seith having power of attorney, etc. This power of attorney had only one witness and no seal and was otherwise defective. It is further found that the first and second mortgages, hereinafter called the original mortgages, were discharged of record on October 5, 1934; that it was the intention of the parties to keep alive and on foot the original indebtedness owing by Seith to the plaintiff and that the discharge of the original mortgages resulted from the mistake of the plaintiff; that the $1,400 note which was secured by the third mortgage represented the balance due from Seith to the plaintiff on the day the third mortgage was executed, together with interest, costs and dues to the association and that this sum was never paid by Seith except by the execution of the note dated August 28, 1934.

It is further found that defendant Vilas obtained a judgment against Seith on August 23, 1933 and caused execution to be levied on the property here involved on September 14, 1933, and that attachment in said suit was made subsequent to the execution and recording of the plaintiff's original mortgages; that on April 2, 1933, Seith had conveyed the property to de-

fendant Cummings by deed which this court later held to be without consideration and fraudulent in law as against the judgment-creditor Vilas (see *Vilas* v. *Seith*, 108 Vt. 526, 189 Atl. 862); that proceedings which resulted in this holding were commenced by Vilas after obtaining the judgment against Seith; that on July 10, 1937, the right, title and interest of Seith in the property described in the original mortgages were sold under the Vilas execution by Henry Todd, a deputy sheriff, to Charles R. Harvey and that on July 23, 1937, said Harvey by warranty deed conveyed the same property to Martin S. Vilas subject to the defendant's right of redemption and to whatever legal mortgages, if any, were then held by this plaintiff; that on January 11, 1938, the said deputy sheriff executed a deed of the same property on execution sale to the said Harvey who on the following day executed a quitclaim deed thereof, which was duly recorded, to Vilas; that on the date of hearing, November 10, 1938, there was due the plaintiff on the note of August 28, 1934, the sum of $1,495.45.

The decretal order is that the discharge of the two original mortgages be cancelled; that these mortgages be reinstated for the purpose of securing the amount due the plaintiff on November 10, 1938, and that the plaintiff have a decree of foreclosure.

The defendant took exceptions to the findings and supplemental findings, and to the failure of the Chancellor to comply with his requests for findings. These exceptions are stated as follows: to the findings and supplemental findings as being unwarranted and unjustified under the evidence; to the failure to find as asked in the requests for findings because these requests embody material statements of the facts, not included in the findings and represent a correct summary of the evidence so far as they purport to state the facts; and to the findings in so far as they vary from and disagree with the requests for findings.

The exceptions to the findings are too general and indefinite to be available. *Royal Bank of Canada* v. *Girard*, 100 Vt. 117, 119, 135 Atl. 497; *Eastern States, etc., League* v. *Vail*, 97 Vt. 495, 514, 124 Atl. 568, 38 A. L. R. 845; *Landon* v. *Hunt*, 82 Vt. 322, 324, 73 Atl. 365. There is the same trouble with the exceptions to the failure to find in accordance with defendant's requests, with respect to which the same principle applies. *Morgan* v. *Gould*, 96 Vt. 275, 279, 119 Atl. 517; *La-*

452

*plante* v. *Camp,* 96 Vt. 412, 413, 120 Atl. 860. The defendant is in error in his contention that the same rule does not apply in chancery cases. The rule is the same whether the proceeding is at law or in equity. *Kennedy* v. *Robinson,* 104 Vt. 374, 379, 160 Atl. 170.

The defendant excepted to the decree ''as being unjustified under the evidence, the findings, and the law applicable to the case.'' P. L. 1269, which provides for the procedure with respect to exceptions taken in hearings before a chancellor, applies only to rulings made on trial, and for that reason the propriety of a decree in chancery cannot properly be made the subject of an exception. But the appeal in this cause, apart from the bill of exception, brings before us the question whether the decree is warranted by the pleadings and supported by the findings. *Stevens* v. *Flanders,* 103 Vt. 434, 436, 154 Atl. 673; *Smith* v. *White Est. et al.,* 108 Vt. 473, 478, 188 Atl. 901; *Brown* v. *Osgood,* 104 Vt. 87, 89, 156 Atl. 876. But whether the evidence supports the decree is not made an issue by the appeal. *Kennedy* v. *Robinson, supra.*

The defendant contends that the decree is not warranted by the pleadings because the bill of complaint does not allege that the plaintiff acted with due diligence in discharging the two original mortgages without an examination of the record to ascertain whether any intervening liens had been placed upon the property. But in his answer the defendant has made the question an issue in the case and so, if this was an essential allegation under the circumstances, which we do not decide, the defendant was not harmed by its omission from the complaint. We must assume in aid of the decree that, although he made no mention of it, the chancellor found in favor of the plaintiff as he might have found, since under the circumstances due diligence did not necessarily require examination of the record. *Hill* v. *Ritchie,* 90 Vt. 318, 322, 98 Atl. 497, L. R. A. 1917A 731; *Island Pond Nat. Bank* v. *Lacroix,* 104 Vt. 282, 289, 158 Atl. 684.

The next contention is that, while the chancellor found that there had been a mistake on the part of the plaintiff, he did not specify in what the mistake consisted, .and therefore this is left a matter of speculation. But, from the other findings, the mistake is fairly inferable and we will therefore assume that the inference was drawn. *Labor* v. *Carpenter,* 102 Vt. 418, 422,

148 Atl. 867. It is urged that the mistake was one of law, not of fact. Nevertheless, courts of chancery do often interfere for the purpose of correcting agreements and contracts of almost every description, where the legal effect is entirely different from what the parties intended at the time it was made; and this, too, in cases where the mistake of the parties was relative to the effect merely; and so might be said to be rather a mistake as to the law than as to the fact. *Proctor* v. *Thrall*, 22 Vt. 262, 267. The plaintiff supposed that it was getting a valid first mortgage from Cummings to secure the identical debt owed by Seith and this was not so. This is very like the situation presented in *McKenzie* v. *McKenzie*, 52 Vt. 271, where at page 278 there was held to be a mistake of fact.

Upon the findings the present case is controlled by *Island Pond National Bank* v. *Lacroix et al.*, 104 Vt. 282, 158 Atl. 684, where it is said at page 298 of 104 Vt. that the law is well settled that if a mortgagee by reason of fraud or mistake, takes a new mortgage in the place of an old one, not in payment, but in continuation of the old indebtedness and cancels the old mortgage without knowledge of an intervening lien, although such lien is of record, he will not be held to have subordinated his security to the intervening lien, in the absence of intervening rights of innocent third parties, if, at the time he cancelled the senior mortgage, the holder of the intervening lien had actual or constructive knowledge of the same.

As the chancellor has found the cancellation of the discharge of the original mortgages will leave the defendants Vilas and Harvey in the same position as if said mortgages had not been discharged, enjoying the same rights that accrued to them at the time the attachment was put on the mortgaged premises, we think it would be unconscionable for them to set up that discharge on the record as an extinguishment of the plaintiff's equity. *McKenzie* v. *McKenzie, supra*.

Both Vilas and Harvey were charged with notice of what the records would reveal. Those records showed the discharge of the two original mortgages executed by Seith to this plaintiff, and the attempted execution by Seith as attorney for Cummings of an invalid third mortgage for a slightly reduced amount a short time before such discharge and also the decree of this Court setting aside the deed from Seith to Cummings,

which in the absence of evidence to the contrary we must assume was recorded as required by P. L. 1320. This record was sufficient to put both Vilas and Harvey on inquiry as to whether the debt to the plaintiff might remain unpaid with a consequent continuation in equity of plaintiff's mortgage rights against the property, and they were charged with such knowledge thereof as they could have obtained by reasonable inquiry. *Woodbury* v. *Bruce,* 59 Vt. 624, 627, 11 Atl. 52; *Porter* v. *Bank of Rutland,* 19 Vt. 410, 425; *Passumpsic Sav. Bank* v. *First National Bank,* 53 Vt. 82, 89; *Stafford* v. *Ballou,* 17 Vt. 329; 3 Freeman on Executions, 3rd Ed., page 1969. Neither Vilas nor Harvey can, under these circumstances, claim to be *bona. fide* purchasers.

The defendant has briefed some exceptions taken to the admission of evidence at the time of the hearing. The bill of exceptions must be construed strictly against the excepting party, (*Higgins* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394; *Stoddard* v. *Cambridge Mut. Ins. Co.,* 75 Vt. 253, 257, 54 Atl. 284; *St. Albans Granite Co.* v. *Elwell & Co.,* 88 Vt. 479, 483, 92 Atl. 974) and is not sufficient to bring the questions before us. We have, however, examined the rulings which are claimed to have been erroneous, and find that in each case the evidence received was admissible as bearing upon the plaintiff's case, but even if not admissible would have been harmless.

*Decree modified to provide for discharge of record of the invalid mortgage of August 28, 1934, and in other respects decree affirmed. Let a new period of redemption be fixed for which purpose the cause is remanded.*